CASPER H. SCHURMEIER, Respondent, *vs.* THE ST. PAUL AND PACIFIC RAILROAD COMPANY, *et als.*, Appellants.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The mere commission of a trespass which will not work irreparable mischief, is no cause for the issuance of an injunction before the rights of the parties are tried and decided. A charge in the complaint that the act about to be committed will work irreparable injury to the Plaintiff, will not support an injunction unless the facts stated in the complaint sustain the charge. The erection of a trestle work for the track of a railroad, in a public street or levee, that is capable of being readily removed, although it may occasion inconvenience and damage to the adjoining lot owners, is not such a trespass as will authorize the issuing of an injunction previous to the rights of the parties being tried and decided.

Points and Authorities for Appellants.

I.—The writ of injunction should not have been allowed, because—

1st. The injury complained of is not irreparable.

2d. There is a plain and adequate remedy at law, provided in section 13 of the act of May 22d, 1857, (*Laws of* 1857, *p.* 1.)

3d. The last clause of said section plainly prohibits any such proceedings at this time, and it is also prohibited by section 12 of the act of March 10th, 1862, (*Laws of* 1862, *p.* 247;) because no notice was given, and it was not granted by the Court in term.

MASTERSON & SIMONS, Counsel for Appellants.

LORENZO ALLIS, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—This action is brought to restrain the Defendants from constructing a railroad over and upon a portion of the public levee in the city of St. Paul, in front of lands owned by the Plaintiff. The allegations in the complaint are, substantially, that the Defendants are constructing a railroad over the levee, and erecting a trestle work upon which to lay the track, about six feet above the surface of the land. The complaint charges that this will irreparably injure and damage the Plaintiff. A temporary injunction was issued on the complaint, and from the order granting it this appeal is taken.

The act complained of is nothing but a trespass, and how the construction of a railroad upon a trestle work, six feet high, can work irreparable damage and injury to adjoining lot holders is difficult to understand. It could be cut down and removed in a very few hours, should the Courts decide the question of right against the Company, and order its removal, and in such event the parties would be in precisely the same situation they were before the commission of the trespass, with the exception, perhaps, of a loss of business to the Plaintiff, in the enjoyment of his warehouse property, caused by the temporary existence of the obstruction, and

easily compensated in damages recoverable against the trespassers.

We understand the law, and the practice of the Courts to be, that no injunction will issue in any case previous to a determination of the rights of the parties, unless the act about to be committed by the Defendant is of such a nature that, should the right to commit it be decided against him, the consequences of its commission would be irreparable, as, for instance, the familiar case of cutting timber : the trees once cut can never be restored, or working mines, which is destructive to the inheritance.   Distinction formerly existed between cases which were properly in trespass and cases of waste ; but it is believed at the present day that they stand upon substantially the same ground in regard to the issuance of injunctions before the trial of the rights of the parties.   An injunction is not granted to restrain a mere trespass, where the injury is not irreparable and destructive to the Plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law.   It must be a strong and peculiar case of trespass, going to the destruction of the inheritance, or where the mischief is remediless, to entitle the party to the interference of the Court by injunction.   *Jerome vs. Ross*, 7 *John. Ch. R.*, 315.   We see nothing in the complaint of this character.   If it turns out on the trial that the Defendants are trespassers, their structures can be demolished with very little trouble, and the Plaintiff's land and interests restored to the same situation they occupied previous to the intrusion of the Defendants.   The charge in the complaint, that the acts of the Defendants will work irreparable injury to the Plaintiff, amounts to nothing, if the facts upon which the bill is founded do not sustain the allegation.   Abundant authority for the doctrine above stated will be found in *Second Waterman's Eden on Injunctions*, *pp.* 231 *to* 235, *and notes*, where the whole subject is elaborately discussed.

The insufficiency of the complaint to justify the issuance of the injunction, necessitates the reversal of the order appealed from, and renders the decision of the other points raised in the case unnecessary.   The order is therefore reversed, and the injunction dissolved.