## THEODORE B. SEEKINS *vs.* GEORGE C. GOODALE.

*Taxes—sale of distress for. Trespasser ab initio.*

The words "the distress shall be openly sold," as used in R. S., c. 6, § 104, are not to be construed as authorizing a collector of taxes to sell any additional articles after enough have been sold to pay the tax committed to him and the expense of sale.

Where a collector, after selling enough to pay the tax and expense of sale, sells other personal property distrained he will not become a trespasser *ab initio* as to any of the articles seized except such as he has sold in excess of his authority. *Williamson* v. *Dow*, 32 Maine, 559, explained.

The collector's warrant is a full protection to him, so far as he has not exceeded nor abused its authority. See *Nowell* v. *Tripp, post.*

ON REPORT.

TRESPASS for the unlawful conversion of five pieces of cloth, valued at $75.00. The defendant justified the taking under a brief statement that the goods were seized by him in his capacity of collector of taxes in Hartland, and sold by him to satisfy a tax assessed upon the plaintiff in Hartland for the year 1870. The tax was poll-tax $3.00, and tax on personal property $21.78; the expenses of sale, etc., were $1.62. The goods sold for $49.36, the first three pieces sold netting $26.66, the third having been bid off for $11.75. The defendant returned to the plaintiff an account of sale and $22.96 in cash. The defendant claimed that he was not an inhabitant of Hartland on the first day of April, 1870. He testified that at their retail prices all the goods were worth $75.44.

If upon these facts the plaintiff was entitled to recover, the court was to enter judgment for such sum as he ought to have; if he would become entitled to recover on proof that he was not taxable in Hartland that year, the case was to stand for trial; but if not entitled, and if he would not be entitled on such evidence to recover, a nonsuit was to be entered.

*C. A. Farwell* and *George W. Whitney*, for the plaintiff.

By the sale of the last two pieces of cloth, after the first three had sold for enough to pay the tax, the collector became a trespasser *ab initio*. *Carter* v. *Allen*, 59 Maine, 296. *Williamson* v. *Dow*, 32 Maine, 559, is decisive of this case.

As Mr. Seekins was not resident in Hartland this action must prevail. *Bowker* v. *Lowell*, 49 Maine, 429; *Preston* v. *Boston*, 12 Pick. 12. *Caldwell* v. *Hawkins*, 40 Maine, 526, does not militate against this, because in that case the assessors had jurisdiction. *Suydam* v. *Keyes*, 13 Johns. 444.

*D. D Stewart*, for the defendant.

An officer acting *bona fide* ought to be protected. *Sprague* v. *Bailey*, 19 Pick. 440. The collector's return cannot be impeached by an action of trespass, but only in a suit for a false return. *Livermore* v. *Bagley*, 3 Mass. 487; *Purinton* v. *Loring*, 7 Mass. 390–392; *Gardner* v. *Hosmer*, 6 Mass. 327; *Estabrook* v. *Hapgood*, 13 Mass. 313; *Stinson* v. *Snow*, 10 Maine, 265; *Bates* v. *Willard*, 10 Met. 80; *Deane* v. *Washburn*, 17 Maine, 100, 102; *Kendall* v. *White*, 13 Maine, 245; *Caldwell* v. *Hawkins*, 40 Maine, 526; *Judkins* v. *Reed*, 48 Maine, 386; *Tuttle* v. *Gates*, 24 Maine, 395.

Nor can the return be contradicted by the account of sales or the collector's testimony. *Cowan* v. *Wheeler*, 31 Maine, 439; *Clement* v. *Wyman*, 31 Maine, 50.

In making sale the collector strictly followed the statute. See R. S. of 1857, c. 6, §§ 88, 104; *Loomis* v. *Pingree*, 43 Maine, 299; *Lovejoy* v. *Lunt*, 48 Maine, 377.

Plaintiff ratified the sale by accepting the surplus. Instead of restoring the goods not needed to pay the tax, the defendant returned the avails of them, which the plaintiff accepted.

The fact that Mr. Seekins was not an inhabitant of Hartland is immaterial. The collector is protected by his warrant. *Hoyt* v. *Drake*, 6 Gray, 389, 390; *Caldwell* v. *Hawkins*, 40 Maine, 526; *Judkins* v. *Reed*, 48 Maine, 386; *Bethel* v. *Mason*, 55 Maine, 501.

PETERS, J.　The collector, having seized more goods and chattels than sufficient to pay the tax and expense of sale, after selling enough for that purpose proceeded further and sold all the balance of the distress remaining in his possession.　This balance consisted of articles distinct and separate from those which were sold before the authority to sell was exhausted.　The officer was actuated by no improper motive ; and, in the attempt to perform his duty, followed so literally the provision of the statute prescribing that duty that his counsel contends that in all his doings he acted legally.　The words of the statute are " the distress shall be openly sold."　But it would be an unsatisfactory construction to say that the authority is to sell more of such distress than would be ample for the purposes for which the authority is conferred.

The question arises whether the officer was a trespasser *ab initio* as to all the property taken and sold, or only as to so much of it as was sold in excess of the requirements of law.

In *Dod* v. *Monger*, 6 Modern Rep. 215, where several barrels of beer were distrained for rent, and the distrainor drew beer out of one of them, Lord Holt held that it rendered him a trespasser *ab initio* only as to that single barrel.　In *Harvey* v. *Pocock*, 11 M. & W. 740, it was decided that " where a landlord distrains for rent, amongst other things, goods in law not distrainable, the distrainor is a trespasser *ab initio* only as to the goods which were not distrainable."　Lord Abinger, C. B., says, " The case in 6 Modern Rep. 215, is undoubtedly a very strong authority for the defendants.　The Six Carpenters' case leaves it an open question how far the party becomes a trespasser *ab initio* as to the whole distress by an excess as to part.　It is very reasonable that he should not, but that his liability should be limited according to the doctrine laid down by Lord Holt."　This last case is approvingly alluded to in *Price* v. *Woodhouse*, 1 Exch. 559.　In Smith's Leading Cases the doctrine is stated as follows : " But if there be a seizure of several chattels, some of which are by law seizable and some not, or some of which are subsequently abused and the rest not, the seizure is, or becomes, illegal only as to the part which

it was unlawful to seize, or which was subsequently abused, and the seizure of the rest continues legal." In *Walcott* v. *Root*, 2 Allen, 194, the point is stated by the court but not decided. It is contended by the plaintiff that *Williamson* v. *Dow*, 32 Maine, 559, decides that an officer would be liable in a case like the present for the entire value of all the articles distrained. It will be seen upon examination that the marginal note in that case is not authorized by the opinion of the court. The opinion is very brief, and while upon this point it is merely said that when an officer has sold sufficient property he is not authorized to sell more, the court adds, " there is also the same defect noticed in the case *Blanchard* v. *Dow* [a previous case in same volume], in the neglect to return with the overplus an account of sales and expenses." Upon this last point the case was really and necessarily decided, and need not be considered as limited or overruled by our conclusions in the case now before us. Nor is the doctrine of Lord Holt opposed by the case of *Moore* v. *Pennell*, 52 Maine, 162, where an officer attached an undivided half of chattels, and selling the entire property in the goods attached was held a trespasser *ab initio* as to the full value of the goods sold. The reasons given for the result reached in that case are not applicable here. There the officer committed upon each and every article of the property attached an act in excess of his authority which amounted to a conversion or trespass, while here no act of any sort was committed or neglected which would render the action of the officer irregular or abusive, excepting so far as the particular articles were concerned which were sold after the authority to sell had been fully executed. Had he stopped when he had sold enough for the payment of the tax and expense of sale no error would have been committed. Not even would a neglect of returning the balance of the property to the owner have been, according to many authorities, such an irregularity as to render him liable for the value of the whole distress, because such an act would have been a non-feasance only. His proceedings subsequently were a fresh trespass, by relation dating back to the first taking of such of the articles only

as were sold in excess of authority. The Six Carpenters' case speaks of the trespasser *ab initio* as one " who works or kills the distress." How has the officer in this case " worked or killed " so much of this distress as was legally sold ? We think a fair construction of the rule established in the Six Carpenters' case makes the defendant liable as a trespasser *ab initio* only for the sale of so much of the goods as were sold in excess, and not for those sold in pursuance of authority. In this case it will work out exact justice to all concerned. The debtor will have paid his tax; the officer will receive the protection of the law as long as he obeyed the law ; and for the injury inflicted by his abuse of it the party injured will be indemnified for all damages actually sustained. A doctrine which will ameliorate the hardships imposed upon honest officers rather than that which will put difficulties and dangers in their way is the safe and salutary one. The contrary doctrine would render a sheriff, who, upon an execution amounting to thousands of dollars, sold more goods by a few dollars only than was necessary to cover the amount of such execution and costs of sale, for an error or inadvertence such as a man of common care and common intelligence might commit, exposed to most hazardous consequences.

It is not perceived that the positions taken by counsel as to the conclusiveness of the officer's return have any application in this case. The return is not necessarily contradicted by the facts set up and proved by the plaintiff.

Another question raised in the report was lately settled in *Nowell* v. *Tripp*, 61 Maine, *post*; to wit: that the officer's warrant is a full protection to him so far as he has not exceeded or abused its authority.

The sum required by the collector for the tax and charges was $26.40. The first three articles were sold for $26.66, leaving to be returned 26 cents. The other articles sold for $22.75. The evidence shows that they were worth about fifty per cent more than sold for, which would make their value $34.05. This sum

added to 26 cents plaintiff would be entitled to, less $22.96, which
left with him would go in mitigation of damages to that extent.

*The defendant is to be defaulted for $11.35
and interest from June 22, 1871.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and
VIRGIN, JJ., concurred.