STELLA G. LEATON v. JOSEPH MURPHY AND DENNIS MURPHY.

| 78 | 77 |
|----|-----|
| 117 | 618 |
| 78 | 77 |
| 145 | 307 |

*Township treasurer—Levy and sale under warrant.*

The same rule must be applied to a sale by a town treasurer to satisfy a tax as to judicial sales.

So *held*, where a treasurer seized two horses, not a matched team, and either of which animals was worth more than the amount of the tax, and sold them together, without offering them for sale separately.

Error to Isabella. (Hart, J.) Argued October 23, 1889. Decided November 15, 1889.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*F. C. Wallington,* for appellant.

*E. D. Wheaton* and *W. S. Walker,* for defendants, contended:

1. It is the duty of the officer to sell the property in such lots or parcels as to command the highest price. He has a large discretion, and is not required to sell each particular article separately; citing *Perkins v. Spaulding*, 2 Mich. 161.

LONG, J. Replevin was brought to recover possession of two horses, which had been sold by the treasurer of the township of Deerfield, Isabella county, by virtue of a warrant annexed to the tax roll of that township for the year 1887. The proceedings under the writ of replevin are not questioned, and whatever irregularities may have existed in the tax roll need not be discussed.

It appears that one George Murphy was treasurer of the township during the year 1887, and, having the tax roll in his possession, with the warrant annexed, went to the premises where these horses were kept, levied upon and advertised them for sale for the payment of a tax assessed against Brown & Leaton for that year. The horses were kept at the farm of Brown & Leaton until the day of sale. On that day the treasurer, Mr. George Murphy, accompanied by his brother, Joseph Murphy, one of the defendants in this case, went to the place of sale. It appears that no other bidders were present, except Joseph

Murphy, though the treasurer says he stopped along the way, and attempted to get other bidders to go out. It is also claimed that a man by the name of Harrington was there for a time, but that the tenant of Brown & Leaton there on the farm drove him away. Mr. Murphy, the treasurer, finally offered the two horses for sale together, and his brother, Joseph, bid them in for the amount of the tax.

On the trial of the case plaintiff's counsel requested the court to charge the jury—

"That it was the duty of the treasurer to have sold the horses separately, and his failure to do so makes the sale void, and plaintiff is entitled to a verdict."

This instruction the court refused. The jury returned a verdict in favor of defendants.

We think the court was in error. The treasurer had no right to offer and sell the horses together. It is not contended that they were a matched team, or that it was better for the interests of the parties to sell them together; or that they would bring a greater price in that manner of sale. Neither is any showing made that one of the horses would not have brought the amount of the tax. On the other hand, it appears from the appraisal, made under the writ of replevin, that either one of the horses was worth more than the amount of the tax demanded. The treasurer did not offer them separately, but gives as a reason that his brother, who was the only bidder there, would not bid upon them separately. It appears, however, that the treasurer and his brother had talked this matter over before reaching the place of sale, and Joseph stated he would buy the team for the tax, but he did not have sufficient money to do so. The treasurer, therefore, loaned him the money to make the purchase, or a portion of it.

Just what took place there on that day—the offering of

the two horses together, and the sale together as one
parcel—is sufficient to show the danger of a rule permit-
ting a town treasurer, under his warrant, to sell in a
lump for the payment of a tax. The same rule must be
applied to such sales as to judicial sales.

The court was in error in refusing the instruction. The
judgment of the court below must be reversed, with costs,
and a new trial ordered.

The other Justices concurred.