CHICAGO & N. W. RY. CO. v. ROLFSON, Treasurer, et al.

An illegal personal property tax, paid under protest, may be re- covered back.

Injunction does not lie to restrain the collection of an illegal per- sonal property tax, in the absence of a showing that the taxpayer can- not pay the tax under protest, and recover it back, or that he cannot recover at law the damages resulting from the seizure of his property for the tax, the remedy at law not being shown to be inadequate.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Kingsbury County. Hon. CHAS. S. WHITING, Judge.

Action by the Chicago & Northwestern Railway Company against J. H. Rolfson, as Treasurer, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*R. W. Stewart* and *A. W. Burtt*, for appellant. *C. P. Warren*, for respondents.

McCOY, J. The plaintiff claims that in October, 1905, two written notices and demands for payment of personal property taxes were caused to be issued by defendant Peterman, as sheriff of Kingsbury county, one of which notices and demands required that plaintiff pay the sum of $469.45, tax, $4.69, penalty and interest, $19.96, expenses, total $494.10, for personal property taxes charged against plaintiff in DeSmet township for the year 1904, and which other notice and demand required plaintiff to pay $95.44, tax, $7.64, penalty and interest, $5.21, expenses, total, $108.20, charged against plaintiff in DeSmet township, for road taxes for the year 1904, and both which notices and demands recited: "This sum I will collect forthwith as provided by chapter 48, Laws of 1901, and unless you pay said taxes before I call it will be necessary for me to charge you mileage, expense of levy and keeping and other expenses, which fees must be turned into the county treasury. You will save trouble and expense by paying at once. This notice is sent to give you an opportunity to avoid costs, as the law directs me to levy on your property"—and both of which notices were signed by W. T. Peterman, sheriff of Kingsbury county. The plaintiff further claims that the said tax of $469.45 was the second installment of a personal property tax of $938.91, charged against plaintiff in said DeSmet township, and that plaintiff duly paid the first installment thereof, and that in September, 1905, plaintiff offered and tendered to defendant Rolfson as treasurer, the second installment of $469.45, but that said Rolfson refused to receive and accept the same, for the alleged reason that there was a further tax of $95.44, charged against plaintiff for a road tax in said township, but which road tax plaintiff claims is illegal and void in not having been authorized by the township electors, as provided by law, and that said road tax was never legally levied or assessed by the board of supervisors of said township. The plaintiff commenced this action in circuit court to re-

strain the collection of the said taxes mentioned and referred to in the said notices and demands, and in its complaint, in substance, alleged the foregoing statement of facts. Defendants answered, admitting the service of said notices and demands for payment, and admitted that plaintiff had offered and tendered said $469.45, and that defendant Rolfson refused to receive and accept the same, for the alleged reason that there was charged against plaintiff the further sum of $95.44, road tax. Defendants denied the illegality of said road tax, and alleged that the same had been duly authorized by the township electors, and that said road tax had been duly and legally levied and assessed. There was trial by the court, without jury, on the issues thus presented, and findings and judgment in favor of defendants.

At the outset we are met with the proposition that the remedy of injunction will not lie to restrain the collection of a personal property tax under the circumstances of this case. The respondents contend that injunction should not lie, because plaintiff had adequate remedy at law, and should not be permitted to resort to the equity side of the court. It is the contention that plaintiff should have first paid said tax under protest, and then brought action to recover back the portion alleged to have been illegal or irregularly charged against plaintiff; that plaintiff might have waited until its property had been seized for such tax, and then maintained an action for damages in the nature of trespass. In this contention we believe respondents are in the right. The general rule seems to be thus stated in Cooley on Taxation (page 772) : "When a tax as assessed is only a personal charge against the party taxed, or against his personal property, it is difficult, in most cases, to suggest any ground of equitable jurisdiction. Presumptively the remedy at law is adequate. If the tax is illegal, and the party makes payment, he is entitled to recover back the amount. The case does not differ in this regard from any other case in which a party is compelled to pay an illegal demand. The illegality alone affords no ground for equitable interference, and the proceedings to enforce the tax by distress and sale can give none, as these only constitute an ordinary trespass. To this point the decisions are numerous. The exceptions to this rule, if any, must be of cases

which are to be classed under the head of irreparable injury; as, when the enforcement of a tax might destroy a valuable. franchise, or when property is levied upon which possesses a peculiar value to the owner beyond any possible market value it can have, and other like cases where the recovery of damages would be inadequate redress. A case would be exceptional, also, if under the law no remedy could be had to recover back the moneys paid." This appeals to us as being the true rule, although we are aware that in some jurisdictions the remedy by injunction is sustained in all cases, of illegal taxation. Under the complaint and under the evidence there is nothing to bring the case within any of the exceptions to the general rule. There is no reason why plaintiff could not have paid these taxes under protest, and then recovered back, if they were illegal. Under the circumstances of this case taxes paid under protest could have been recovered back. St. Anthony & Dak. El. Co. v. Bottineau Co., 9 N. D. 346, 83 N. W. 212, 50 L. R. A. 262; Baltimore v. Lefferman, 4 Gill 425, and cases cited in note. There is no reason shown why plaintiff could not have maintained an action for damages in case of seizure of any of its property, in case the said tax was illegal. There is nothing to show that any possible irreparable injury might have occurred by reason of a seizure, or that any property was threatened with seizure that possessed any peculiar value to plaintiff that damages would not redress. The rule laid down in Frost v. Flick, 1 Dak. 126, 46 N. W. 508, is applicable to the circumstances of this case. In that case it is held that the courts of equity will not interfere by injunction to restrain the enforcement of tax proceedings on the ground of irregularities in the assessment of the tax, or in executing the power conferred on taxing officers, unless it is shown that fraud has been practiced by the taxing officers, or unless there is something to show that the injury resulting from such enforcement would be irreparable. Numerous cases hold to the same view. M., St. P. & S. S. M. Ry. v. Dickey County, 11 N. D. 107, 90 N. W. 260; Schaffner v. Young, 10 N. D. 245, 86 N. W. 733; Chicago & N. W. Ry. v. Ft. Howard, 21 Wis. 44; Schurmeier v. St. Paul Ry., 8 Minn. 113; Odlin v. Woodruff, 31 Fla. 160, 12 South. 227, 22 L. R. A. 699, note; Whiting v. Boston, 106 Mass. 89;

Milwaukee v. Koeffler, 116 U. S. 219, 6 Sup. Ct. 372, 29 L. Ed. 612; Greene v. Mumford, 5 R. I. 472. It is not necessary to pass upon other questions presented by the briefs, as we are of the opinion plaintiff cannot maintain the remedy by injunction to test the legality of the said road tax.

The judgment of the circuit court is affirmed.

WHITING, J., took no part in this decision.