J. F. STUARD *v.* SOUTHERN ENGINE & BOILER WORKS.

[57 South. 218.]

1. TAXATION. *Sale of personal property. Right to redeem. Code* 1906, *sections* 4341, 4342.

The word "sections" as printed in Code 1906, section 4342, was a clerical error. The word was only intended to be used in the singular and the only personal property in respect to which redemption is provided for is the particular personal propety enumerated in section 4341, and a sawmill plant, including the boiler, is not covered by said section.

2. TAXATION. *Sale of personal property for taxes. Void sale.*

Where a sawmill plant worth several thousand dollars is sold for delinquent taxes amounting to about fifty-four dollars, and the collector might have sold some part of the machinery or portions of the things belonging to the machinery, for enough to have satisfied the taxes without sacrificing the whole plant, such a sale was in excess of the collector's authority and void.

APPEAL from the chancery court of Harrison county. HON. T. A. WOOD, Chancellor.

Suit by the Southern Engine & Boiler Works against J. F. Stuard et al. From a judgment for complainant, defendant appeals.

On February 1, 1907, J. H. Long was the owner of certain machinery, worth about twelve hundred and sixty dollars, which he had purchased in October, 1906, from the Southern Engine & Boiler Works under an agreement which recited that the title was to be reserved in the Southern Engine & Boiler Works until full payment. This machinery was personal property, being located upon the land of a third party, and was used for sawmill purposes. Long was assessed for the taxes of 1907 with a total of two thousand, six hundred and twenty-five dollars personalty; the items constituting this assessment not being specified, but consisting of the sawmill plant, of which the machinery here in question had become a part. After the taxes had become due, Long transferred back to the Southern Engine & Boiler Works the machinery in question, but did not move it from his mill plant. On February 15, 1908, Long conveyed his mill plant to Fred Herrick, the defendant here, for the sum of eight hundred dollars; but the machinery here in question was not included in the conveyance, and the appellant had no notice of this conveyance until several months later, when it was placed of record. In August, 1908, the tax collector sold the mill plant for the taxes of 1907 due thereon by J. H. Long, and one O'Neal became the purchaser thereof for the sum of fifty-four dollars, and the tax collector executed him a deed to the mill plant, describing it as "the mill plant;" no description of any of the machinery constituting the mill plant being set out in the tax collector's deed. Thereafter, on the same day, O'Neal, for a consideration of four hundred dollars conveyed back the said "mill plant"

to Herrick, who afterwards sold same to Stuard, the appellant here, when appellant, for the first time, learned of the transaction. Thereupon appellant filed a bill in chancery, asserting its claim to the machinery in question, and praying for a discovery and an accounting; and that the court should declare the title to said machinery to be in the appellant, and for general relief.

The appellant relies chiefly upon two grounds set out in the original bill, which are: First. That within six months after the tax sale the Southern Engine & Boiler Works made a tender to the chancery clerk of the amount necessary to redeem same, basing its right to do so on section 4342 of the Code of 1906; it being claimed by appellant that this section refers back to all the preceding sections, including section 4315. The next ground relied upon by appellant is that in making the sale of the entire mill plant for the small tax due, to-wit, fifty-four dollars, the sheriff exceeded his authority, and that he should have sold a small part of the machinery to have satisfied the debt, and that for this reason the sale should be set aside.

*Ford, White & Ford* and *McWillie & Thompson,* for appellant.

In the sale of personalty for taxes the law does not require any deed to be filed with the clerk and the clerk has no record of the amount of the sale and has no connection of any kind and no duties are required of him with reference to the sale of personalty for taxes, but the personal property is delivered and the title passed by delivery or if a deed is made at all it is made to the purchaser direct by the sheriff, and the only way personal property could be redeemed would be to tender the money necessary to redeem the same to some person authorized to receive it, and the only person who could, by the very nature of things, be authorized to receive the money, would be the purchaser himsef. Therefore,

in order to redeem the personal property sold for taxes, the tender should have been made to the party who bought the property and not to the clerk who has no connection of any kind, under the statute, with the sale of the personal property for taxes.

There would therefore be no redemption.of this land by the action of the complainant in tendering the amount of money named in his bill to the clerk.

The second objection to this sale which was argued by the complainant is that the sheriff and tax collector sold this mill for the entire taxes, amounting to about fifty-four dollars or thereabout, and states that a small part of the machinery could easily have sufficed to make the amount due to the county for taxes. We submit that the court has no judicial knowledge as to whether this is true or not. It may be or may not, but this court does not know, and to so hold would be merely to assume a thing to be a fact and to cancel a tax deed by reason of an assumption.

*Chalmers Alexander,* for appellee.

The first reason why the sale should be set aside is that within six months after the sale, the Southern Engine & Boiler Works made a tender as required by the Code of 1906, section 4342. The court will notice that this property is personalty, and the tax sale was accordingly all personalty.. While two years' time is allowed for redemption of land from tax sales, it appears from the Code of 1906, section 4315, that taxes on personalty may be collected "by distress and sale of any personal property liable therefor." Then follow several Code sections in regard to different matters; then comes section 4342 reciting that "the owner of the debts or property sold under the last preceding sections shall have six months from the date of the sale in which to redeem the property by complying with the conditions prescribed for redemption of land sold for taxes." This Code sec-

tion was brought forward from the Code of 1892, being section 3827. But the Code of 1892, section 3827, recited that "the owner of the debts or property sold under the last preceding section," etc., while the present Code of 1906, section 4342, prescribed that "the owner of the debts or property sold under the last preceding sections" shall, etc.; in other words, while the Code of 1892, section 3827, speaks of property sold under "the last preceding section, "Code 1906, section 4342, has to do with the debts or property sold "under the last preceding sections," it evidently refers to more than one preceding section.   Does not this section 4342 of the Code of 1906 thus refer back also to personalty sold under section 4315 of the Code of 1906? If so, tender as prescribed by Code of 1906, section 4342, was made by the Southern Engine & Boiler Works for the taxes, and the property was thus in the eyes of the law redeemed within the purview of equity.

But further it must be held that the sale should be set aside in favor of the Southern Engine & Boiler Works for the reason that the sheriff exceeded his authority in selling the mill plant worth several thousand dollars for a mere alleged tax indebtedness of fifty-four dollars or thereabouts due by Long. A sale of a small part of the machinery could have easily sufficed to make the amount claimed due by the county for taxes.

The bill shows that the machinery consisted of many different parts. The sheriff could easily have sold a single fly wheel and realized enough to have paid all taxes. It would have appeared inequitable that a large plant should be allowed to pass to third persons as against nonresident owner merely because of the sheriff's act in selling the whole plant instead of a small part thereof. Our courts are very careful about sales for taxes; a large plantation on which taxes are due cannot be sold by the sheriff; he is by law required to sell in forty-acre tracts and "he shall offer another small sub-

division, and so on until the requisite amount be pro-
duced.'' In fact, we find the same ˙principle in regard
to sales in execution, and attachment sales. It is against
the law for the sheriff to attach one thousand dollars
worth of real and personal property for a ten dollars
claim, and in like manner the sheriff should have sold
only a small part of the machinery in order to make
enough to pay the small amount of taxes.

WHITFIELD, C.

The reporter will set out fully the facts in the case.
We notice only two assignments of error.

Sections 4341 and 4342 of the Code of 1906 are as
follows:

"4341. If the taxes assessed shall not be paid when
due, and sufficient real and personal estate cannot be
found of which to levy the same, the collector shall as-
certain who are indebted to the person liable for the
taxes, and shall make a list thereof, and advertise the
indebtedness for sale at the courthouse door, giving five
days' notice in the manner prescribed for the sale of
personal property distrained; and shall sell the indebt-
edness, of whatever kind, or so much as may be neces-
sary to pay the taxes and costs, to the highest bidder,
for cash, and make to the purchaser an assignment there-
of; and it shall be sufficient to describe the same, in gen-
eral terms, as the indebtedness of the debtor to the party
assessed for taxes, stating as near the amount as can
be; and such sale and assignment shall vest the indebt-
edness in the purchaser, who shall be entitled to sue for
and collect the same. And if sufficient indebtedness can-
not be found in his county to make the whole tax, the
collector shall certify the whole or the balance, as the
case may be, to the collector of any other county where
indebtedness may exist; and the collector receiving the
certificate shall advertise and sell such indebtedness, and
collect the taxes, with five per centum thereon, and pay
over the tax to the collector from whom the assessment

was received. After the indebtedness shall have been
advertised, it shall not be lawful for the owner thereof
to sell, assign, collect, or compromise the same without
paying the taxes. And the tax collector may levy on
the shares or interest of the delinquent taxpayer in any
corporation, company, or partnership, and dispose of
the same as if levied on under execution.

"4342. The owner of the debts or property sold under
the last preceding sections shall have six months from
the day of sale in which to redeem his property, by com-
plying with the conditions prescribed for the redemption
of land sold for taxes; and the assignment of the debt
or conveyance of the property by the collector shall be
dealt with as provided for the conveyance of lands sold
for taxes. The time for redemption shall not prevent
the purchaser from exercising the rights of an owner,
except the right to compromise or sell; but, in case of
redemption, he shall be responsible for the real value of
what he may have realized from the debt or property."

It will be observed that in section 4342 in the second
line, the word "sections" is in the plural, whereas, in
Code of 1892, section 3827, the word is "section" in the
singular. It is insisted for the appellee that, the word
being in the plural in section 4342, the whole phrase
reading "the last preceding sections," the redemption
of personal property provided for in section 4342 ap-
plies to all the preceding sections back to section 4315,
inclusive. But the examination of those preceding sec-
tions from 4315 to 4340, inclusive, have no reference to
the redemption of personal property. The language in
section 4342, "the debts or property sold under the last
preceding sections," must therefore be held to refer to
section 4341 only; that is to say, to the debts of the tax
delinquent, and the shares or interest which he may own
in any corporation, company, or partnership. We think
the context of section 4342 clearly shows that the word
"sections," in that section, should be in the singular,
and that the only personal property in respect to which

redemption is provided for is the particular personal property enumerated in section 4341. It was simply a clerical error, putting the word "sections" in the plural. Section 3827 of the Code of 1892 is identical with the section 4342 of the Code of 1906, except that the word is "section," in the singular in section 3827 aforesaid. This being so, we are unable to find any provision in the law for the redemption of any other personal property than that described in section 4341, and the personal property here, the sawmill plant, including the boiler involved, is not, of course, covered by said section.

But the tax collector sold the whole mill plant, worth several thousand dollars, for the sum of about fifty-four dollars taxes. It would have been very easy for the tax collector to have sold some part of the machinery, which would have brought this small amount of taxes, without sacrificing the whole mill plant by such a sale. There could have been no practical difficulty about doing this. When land is sold, it is the duty of the tax collector to sell the smallest legal subdivision of a large tract of land that will bring the taxes. Said section 4342, in providing for the redemption of the personal property therein, dealt with methods of redemption analogous to the mode of redemption obtaining where land is sought to be redeemed. The sale of a mill plant worth several thousand dollars, for the trivial sum of about fifty-four dollars, when there could have been no possible practical difficulty in selling a small part of the machinery, or some small portions of the things belonging to the machinery, and realizing the taxes, is indefensible. The disproportion is so shocking that the sale must be held to have been in excess of the power of the tax collector to sell, an act of gross oppression, for which the sale must be declared void.    *Affirmed.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the decree is affirmed.