176 So. 283

**LANE et al. v. ROMA LUMBER CO.**

5 Div. 240.

Supreme Court of Alabama.

Oct. 7, 1937.

E. B. Parker, of Roanoke, and Denson & Denson, of Opelika, for appellants.

Harold M. Cook, of Birmingham, and Paul J. Hooton, of Roanoke, for appellee.

BOULDIN, Justice.

To make a valid sale of the property of the taxpayer for delinquent taxes, every substantial requirement of law must be followed by the authorities. Greil Bros. Co. v. Montgomery, 182 Ala. 291, 62 So. 692, Ann.Cas.1915D, 738; Johnson v. Harper, 107 Ala. 706-708, 18 So. 198.

The tax collector, empowered to levy upon and sell personal property, pursuant to Code, § 3060, is authorized to sell only so much as is necessary to "satisfy the taxes, fees and expenses of sale."

When a levy is made upon several distinct parcels or units of personal property, and advertised as such, namely, one planing mill, one engine, one boiler, one steel tank, one edger, one trimmer, one planing mill shed, office and contents, pulleys, and belts, several of such units exceeding in value the cost bill of $14.20, and they are all sold in bulk, not giving persons present an opportunity to bid on the several items, and purchased as a whole for $15.40, the sale is illegal, oppressive, and void. The purchaser obtains no title. Leaton v. Murphy (Replevin) 78 Mich. 77, 43 N.W. 1033; Shimer v. Mosher (Trover) 39 Hun (N.Y.) 153; Stuard v. Southern Engine & Boiler Works (Equity) 100 Miss. 895, 57 So. 218; Taylor v. Robertson (Trover) 16 Utah 330, 52 P. 1; Cone v. Forest (Trover) 126 Mass. 97; Seekins v. Goodalè, 61 Me. 400, 14 Am.Rep 568; 61 C.J. p. 1051, § 1375; Cooley on Taxation, § 1348.

In such cases the owner has a complete and adequate remedy at law by action of trover, the measure of damages being the value of the property at the time of conversion, less the tax charge against the property paid by the purchaser. See authorities, supra, also, Metcalf Co. v. Martin, 54 Fla. 531, 45 So. 463, 127 Am. St.Rep. 149; Warr v. Hodges, Collector of Taxes, 234 Mass. 279, 125 N.E. 557; Deleware & H. Canal Co. v. Atkins, 121 N.Y. 246, 24 N.E. 319; Chicago & N. W. Ry. Co. v. Rolfson, 23 S.D. 405, 122 N.W. 343.

Having a complete and adequate remedy at law, there is no equity in a bill for the recovery of the property, or its money value. Authorities, supra.

Appellee argues that the sale can be set aside only by bill in equity. This is directly opposed to the authorities holding an action of trover, trespass, or replevin will lie. Cases dealing with removal of clouds upon title to real estate, an equitable remedy, are not in point.

Appellee relies on Stuard v. Southern Engine & Boiler Works, supra, in which the Mississippi court sustained a decree similar to this. In that case no question appears to have been raised or considered touching the equity of the bill.

It is sought to give the bill equity by averment of a fraudulent scheme

or conspiracy between the tax collector and the purchaser to deprive the taxpayer of its property by a sale in bulk, etc.

These averments add nothing to the equity of the bill. What was done at the time was tantamount to a fraud on the owner. Fraud equally available at law furnishes no independent equity. Gilchrist v. Howell & Graves, 222 Ala. 705, 130 So. 916; Hunt v. Jones, 203 Ala. 541, 84 So. 718; DeSoto Falls Development Co. v. Libby, 231 Ala. 507, 165 So. 763.

The bill was subject to the apt grounds of demurrer interposed. Overruling same was error.

Sustaining the bill and proceeding to grant relief by way of money decree the same as available at law was error. Yauger v. Taylor, 218 Ala. 235, 118 So. 271; McDowell v. Herren, 219 Ala. 370, 122 So. 336.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.