BYERS MACH. Co. *v.* COBB BROS. CONST. Co. *et al.*

(Division A. March 14, 1938. Suggestion of Error Overruled June 6, 1938.)

[179 So. 565. No. 33062.]

**E. M. Livingston,** of Louisville, for appellant.

**J. A. Covington, Jr,** of Meridian, for appellee, Cobb Bros. Construction Company.

Heidelberg & Roberts, of Hattiesburg, for appellee, N. V. Carpenter.

224

**Smith, C. J.,** delivered the opinion of the court.

The appellant exhibited an original bill of complaint against Cobb Brothers Construction Company and others to recover possession of a gasoline steam shovel, of which the construction company is in possession, claiming ownership thereof under a sale for taxes. The case was tried on bill, answer and agreed statement of facts, and the bill was dismissed.

The appellant's contentions are: (1) That the assessment under which the shovel was sold was void; (2) that the sale of the shovel by the tax collector was void, because (a) made after the authority of the collector to make the sale had expired, and (b) the published notice of the sale was defective; and (3) that the appellant offered within the time, and in the manner, provided by law to redeem the shovel from the tax sale but was not permitted so to do.

It appears from the agreed statement of facts that the Byers Machine Company, a nonresident corporation, sold the gasoline shovel in controversy, and now in the possession of Cobb Brothers Construction Company, to J. T. and M. L. Gaines; that in 1933, M. L. Gaines was assessed with "machinery, tools, implements and equip-

ment—$7000.00'' in Issaquena county, Miss., and failing to pay the taxes due thereon, the sheriff, in September, 1934, levied on and sold the gasoline shovel here in controversy, of which Gaines was then in possession in Issaquena county, to J. L. O'Neal, through whom the Cobb Brothers Construction Company now claims it. The sale of the shovel by appellant to the Gaines is evidenced by a written instrument from which it appears that the price agreed to be paid for the shovel was $14,200 of which $3,700 was paid, leaving a balance due of $10,500. Title to the shovel was reserved by the appellant until payment therefor was made, the purchaser agreeing ''to assume and pay promptly when due all tax assessments or other probable charges which may be levied upon the property.''

The alleged defect in the assessment is that it fails to list the gasoline shovel as a separate item of the property assessed, as required by section 3128, Code of 1930, which provides that ''the assessor shall set down [on the assessment roll] each item of personal property liable to taxation.'' Section 3133 requires the State Tax Commission ''to prescribe the form of the assessment rolls for assessing the real and personal property in each county,'' and the assessment roll here used conforms to the roll prescribed by the State Tax Commission, but the appellant says that the assessment roll violates section 3128 in that it does not comply with the requirement of that section hereinbefore set forth. Any difficulty that might here arise as to the meaning of the words ''each item of personal property'' is removed by the legislative understanding thereof evidenced by former statutes. Sections 1673, Rev. Code 1871; 478, Rev. Code 1880; 3754, Ann. Code 1892, and 4263, Code 1906, each contain the identical provision as to setting forth each item of personal property on the assessment roll hereinbefore quoted from section 3128, Code of 1930. Sections 1669, Rev. Code of 1871; 474, Rev. Code of 1880; 3751, Ann. Code 1892; 4260, Code 1906, amended

by chapter 90, Laws of 1912, prescribed the form of the assessment roll, and after setting forth specifically a large number of items of personal property to be listed none of which included property of the character here in question, concluded with the general provision "amount of all property [sometimes, personal property] not otherwise enumerated" (sometimes, mentioned). If all personal property not otherwise enumerated is sufficient to cover an assessment of property of the character here in question, which the Legislature undoubtedly intended it so to be, then it necessarily follows that assessing it under the more specific description of "machinery, tools, implements and equipment" is sufficient. The description of the property was probably taken by the State Tax Commission from section 1, chapter 101, Laws of 1916, which provides the form then in use for the listing by the taxpayer of his property and assessment, one of the items of which is "value of all machinery, engines, boilers, tools, accessories, implements and appliances used or employed in any business or manufacturing establishment."

Section 3238, Code of 1930, provides that all taxes remaining unpaid after the 1st day of February shall immediately be collected by the tax collector, by distress and sale of any personal property liable therefor. The tax collector did not sell this shovel for the taxes due thereon until the following September. The word "immediately" in this connection means "as soon as practicable under the circumstances." Fairly v. Albritton, 121 Miss. 714, 83 So. 801; Gee v. Tucker, 127 Miss. 866, 90 So. 712; State v. Wyoming Manufacturing Co., 138 Miss. 249, 103 So. 11. It may be, therefore, that the tax collector was derelict in not selling this shovel for taxes due thereon at an earlier day, but it is clear from section 3283, Code of 1930, that he did not thereby lose the power to sell it when he did. That section provides that, even though the tax collector has reported the tax as uncollectible and been allowed credit therefor by

the board of supervisors, "whenever he can find any property, real or personal, belonging to the defendant, he shall distrain and sell the same, on five days' notice," etc. The appellant also says that the sale of the shovel for taxes is void for the reason that it was not necessary to sell the entire shovel therefor, but a portion of it could have been disconnected therefrom and sold for a sufficient amount to cover the taxes due thereon. Exactly how this could have been done does not clearly appear, for the shovel was one entire piece of machinery, valuable only when all of its parts were present, consequently no error was committed in selling it as a whole.

The notice of the tax sale described the property to be sold as "one gasoline shovel," and the bill of sale executed by the tax collector to the purchaser of property at the sale described it as "one gas shovel." The appellant says that these descriptions were not specific enough, but we are unable to concur with it therein. The word "gas" for "gasoline" is in such common use as to make it here sufficient.

It appears from the statement of facts that within six months after the sale of this shovel for taxes the appellant offered in writing to both the chancery clerk and the tax collector to redeem it from the tax sale, in accordance with the provisions of section 3243, Code of 1930, and section 3264, as amended by Laws 1932, c. 286. This offer was refused.

Section 3238, Code of 1930, provides for the sale of personal property for taxes. Section 3239 deals further therewith. Sections 3240, 3241, and 3242 provide for the sale of debts due persons liable for taxes. Section 3243 provides: "The owner of the debts or property sold under the last preceding sections shall have six months from the day of sale in which to redeem his property, by complying with the conditions prescribed for the redemption of land sold for taxes; and the assignment of the debt or conveyance of the property by the collector shall be dealt with as provided for

the conveyance of lands sold for taxes." The only answer the appellees make to the appellant's claim that he had the right under section 3243 to redeem this shovel from the sale thereof for taxes is that the section does not apply to sales of property made under section 3238, but only to the sections dealing with the sale of debts due a person assessed for taxes, citing in support thereof Stuard v. Southern Engine & Boiler Works, 100 Miss. 895, 57 So. 218. The statutes there under consideration were sections of the Code of 1906; section 4315 of that Code provided, as does section 3238, Code of 1930, for the sale of personal property for taxes. The sections intervening between 4315 and 4341, Code of 1906, dealt with various features of the revenue law. Section 4341 provided for the sale of debts due a person liable for taxes, and section 4342 is identical with section 3243, Code of 1930. The court, in the case cited, held that the word "sections" in section 4342 was a clerical error and should be "section," and therefore the right of redemption therein granted applied only to the preceding section—4341, the reason given for so holding being the number of sections dealing with other matters intervening between sections 4315 and 4341. In the Code of 1930 these sections were rearranged, and all of the sections that immediately precede section 3243 thereof, including section 3238, deal with the sale of property and debts for taxes, and the plural "sections" was retained in section 3243, consequently we must now hold that the redemption provided in section 3243 applies to sales made under section 3238. This rearrangement of the sections was probably intended to obviate the decision in Stuard v. Southern Engine & Boiler Works, supra.

The appellant should have been awarded the possession of the shovel on payment to the proper parties of the money required for the redemption thereof from the tax sale. The attempted redemption of the shovel is not set forth in any of the allegations of the bill of complaint, and no relief predicated thereon is asked

therein. The case, however, was evidently tried in the court below on the theory that the appellant's claimed right of redemption was an issue therein, otherwise the bill of complaint could, and probably would, have been amended, and no point thereon is here made by the appellees.

Reversed and remanded.