HAWKINS, Presiding Justice,
for the Court:
Charles Jones was indicted by the Monroe County grand jury for a February 26, 1987, sale of four ounces of marijuana. At trial on April 20, 1988, he was found guilty and sentenced by the circuit court to 20 years imprisonment, with five years suspended, and ordered to pay a fine of $50,-000 and all court costs prior to his release.
We affirm his conviction, but reverse for proper sentencing on his fine, and making his release contingent upon payment of his fine.
FACTS
Keith Worshaim, with the Columbus Police Department and assigned to the Columbus-Lowndes Narcotics and Vice Unit, on February 26, 1987, at approximately 8:00 p.m. at the Monroe County courthouse, met with Paul Caraway, Charlie McVey, and Artie Hitchins of the Mississippi Bureau of Narcotics, and Monroe County Sheriff Pat Patterson. At approximately 9:17 p.m. Worshaim placed a call to a potential drug dealer. The call was answered by a male, who instructed Worshaim to meet him on U.S. 45 North at a car wash, just North of the gin in Hamilton.
Worshaim, wired with a body transmitter, arrived at the car wash at approximately 10:00 p.m. and waited in a stall. The other narcotics officers parked nearby at the cotton gin. He waited until approximately 10:14 p.m., when a "gray or silver” 1984 Chevrolet Van arrived and parked in the stall beside him. Worshaim testified he met Jones at the rear of the van and paid him $440. Jones would not allow Wor-shaim to inspect the contents of a brown paper bag inside the van because Jones’ son was inside; therefore, the parties entered Worshaim’s truck for the inspection and negotiations for the future purchase of a pound of marijuana. After the transaction was completed, Jones introduced himself as “Charles or ... Charlie[.]” The van was registered to “Charles D. or Terry Jones of Aberdeen, Mississippi.”
Worshaim said that although the lights were out at the car wash, there was a light across the street. Also, the light in the truck was “very bright” and stayed on long enough for both parties to enter the truck *850 and for Jones to exit. He did concede, however, that the light stayed on only while the door was being opened and closed and while he observed the marijuana. He added that the entire transaction consumed approximately five minutes.
Paul Carraway, a state narcotics agent, testified that he and Hitchins intended to monitor the buy over Worshaim’s transmitter. He observed the van arrive at the car wash, and attempted to listen to the transaction on the receiver in his car, but the transmission was distorted. There was no tape recording of the conversation.
The substance Worshaim obtained was examined by a chemist of the Mississippi Crime Laboratory, who testified it was in fact marijuana, weighing “a little over three ounces.”
Jones did not testify. Jimmy Dale Jones (hereinafter Jimmy Dale), the defendant’s older brother, testified as an alibi witness. He testified that Jones and his family on February 24 or 25, 1987, moved from a trailer near Jimmy Dale’s trailer in Wren to another trailer, a double-wide, located on Highway 25, near the Becker Community in Monroe County. There was no phone service at the new residence on February 26.
Jimmy Dale also testified that he and Charles worked at the new trailer from 9:00 a.m., until approximately 9:15 p.m. on February 26, 1987. He remembered the date because his wife was irritated with him for having done so on her birthday.
Jimmy Dale stated that one Don Whitehead and family were moving into Charles’s old trailer when he left on the morning of February 26. The Whiteheads were renting the trailer from Jones. He added that Jones’s van and boat remained at Jones’s previous trailer in Wren. The keys to the van were left hanging inside the door of the trailer in Wren. Jones did not use his van to move, using his pick-up truck instead.
Monroe County is a large county geographically, 769 square miles. Hamilton is located on Highway 45 approximately 10 miles southeast of Aberdeen, and in the southern part of the county. Becker is located on Highway 25 northeast of Aberdeen in the center of the county approximately 15 miles from Hamilton. Wren in turn is located approximately 15 miles north of Aberdeen on Highway 45, and about 25 miles from Hamilton.
Jimmy Dale’s and his wife Pat’s testimonies were that Jones’s van was left in Wren the day they moved, and presumably in Wren when he left Jones at 9:15 p.m., February 26, in Becker. While Jones may have been able to drive to Hamilton and meet with someone from the time Jimmy Dale left him in Becker until Worshaim testified he met him in Hamilton, 9:15 p.m. to 10:14 p.m., he would not have time to go from Becker to Wren, get the van, and then drive to Hamilton in that length of time.
Following instruction by the court and argument by counsel, the jury returned a verdict of guilty. The judgment of the court states in pertinent part:
[I]t is ORDERED by the Court that the Defendant be and he is hereby sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections, with five (5) years suspended on the good behavior of the Defendant, it is further ordered that the Defendant pay a fine of $50,000.00 and all cost of this court prior to release. [Emphasis original]
LAW
I. WAS THE VERDICT OF THE JURY AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
We find no merit in this assignment.
The standard of review for a challenge to the weight of the evidence was stated by this Court in Haymond v. State, 478 So.2d 297, 299 (Miss.1985).
The jury was faced with testimony from both sides as to Charles Jones’ whereabouts on the night of February 26, 1987. It is the duty of the jury to resolve conflicts and discrepancies in the testimony. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
*851 II. SENTENCING
Jones challenges his sentence. We find no error in the term of imprisonment imposed, but do find a $50,000 fine is in excess of the $30,000 authorized by Miss. Code Ann. § 41-29-139(b)(2). We likewise remand because the order requires that he pay the fine and all costs prior to release. Following the U.S. Supreme Court decisions in Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), striking as unconstitutional statutes authorizing imprisonment until an indigent paid a fine, this Court addressed the question in Nelson v. Tullos, 323 So.2d 539 (Miss.1975). We then held that imprisonment of an indigent for failure to pay a traffic fine violated the equal protection clause of the Fourteenth Amendment.
No doubt in response to these decisions the Legislature enacted Ch. 501, Laws 1979, Miss.Code Ann. § 99-19-20 which provides:
§ 99-19-20. Sentence—imposition of fine—payment—imprisonment for nonpayment—indigent defendants.
(1) When any court sentences a defendant to pay a fine, the court may order (a) that the fine be paid immediately, or (b) that the fine be paid in installments to the clerk of said court or to the judge, if there be no clerk, or (c) that payment of the fine be a condition of probation, or (d) that the defendant be required to work on public property for public benefit under the direction of the sheriff for a specific number of hours, or (e) any combination of the above.
(2) The defendant may be imprisoned until the fine is paid if the defendant is financially able to pay a fine and the court so finds, subject to the limitations hereinafter set out. The defendant shall not be imprisoned if the defendant is financially unable to pay a fine and so states to the court in writing, under oath, after sentence is pronounced, and the court so finds, except if the defendant is financially unable to pay a fine and such defendant failed or refused to comply with a prior sentence as specified in subjection (1) of this section, the defendant may be imprisoned.
This subsection shall be limited as follows:
(a) In no event shall such period of imprisonment exceed one (1) day for each ten dollars ($10.00) of the fine.
(b) If a sentence of imprisonment, as well as a fine, were imposed, the aggregate of such term for nonpayment of a fine and the original sentence of imprisonment shall not exceed the maximum authorized term of imprisonment.
(c) Credit shall be earned for work performed under subsection (l)(d) above at the rate of the highest current federal minimum wage.
(3) Periods of confinement imposed for nonpayment of two (2) or more fines shall run consecutively unless specified by the court to run concurrently.
Thereafter, in Payne v. State, 462 So.2d 902 (Miss.1984), Payne complained of a sentence of seven years of which two years were suspended upon condition that a fine of $3,000 be paid. We reversed on other grounds but held premature Payne’s claim his imprisonment should not be contingent upon his payment of a fine, for the reason that his indigency had not been inquired into by the circuit court. Also, in Arnett v. State, 532 So.2d 1003, 1012 (Miss.1988), we held a similar complaint premature.
We now hold that when a circuit court makes release from prison contingent upon payment of a fine, it is mandatory that the circuit court follow the statutory requirement of Miss.Code Ann. § 99-19-20(2). The court must make an inquiry as to whether the convicted defendant is in fact able to pay the fine, and make a finding on this question.
As to the financial condition of an incarcerated prisoner years hence, there are two answers. First, the State is not without resources to collect a tax, a debt or a fine from a debtor who is not judgment proof. See Miss.Code Ann. § 41-29-153 (Supp. 1989) (forfeiture of drug transporting ve- *852 hide); Ervin v. State, 434 So.2d 1324 (Miss.1983). Cf. Miss.Code Ann. § 27-41-15 (1972); Byers Mach. Co. v. Cobb Bros. Constr. Co., 182 Miss. 212, 179 So. 565 (1938) (personal property sold for taxes). And, second, “Take therefore no thought for the morrow: for the morrow shall take thought for the things of itself. Sufficient unto the day is the evil thereof.” Matt. 6:34 (K.J.V.). Also, see Cassibry v. State, 453 So.2d 1298 (Miss.1984).
CONVICTION AFFIRMED; REVERSED AND REMANDED FOR PROPER SENTENCING.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.