811 So.2d 283 (2001)
Kenneth D. HAYNES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00302-COA.
Court of Appeals of Mississippi.
January 9, 2001.
*284 Office of the Attorney General, by Charles W. Maris, Jr., Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and THOMAS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Kenneth Haynes pled guilty to aggravated assault and received a suspended sentence and probation. After probation was later revoked, the trial court ordered that no good time or other credit be allowed on his sentence until arrangements were made for the payment of a fine and restitution. The defendant's subsequent request for post-conviction relief was denied. We find that placing into a sentencing order a prohibition on the normal operation of good-time credits is beyond the judge's authority. We strike that provision from the sentence and remand for further proceedings.

STATEMENT OF FACTS
¶ 2. The petitioner, Kenneth Haynes, and several others were involved in a shooting incident in Lamar County in July of 1991. In December 1992 Haynes was convicted of aggravated assault and sentenced to a term of ten years and to take part in the Regimented Inmate Discipline Program. After Haynes had completed the R.I.D. program, the court suspended the remainder of the sentence and placed Haynes on five years probation in May 1992. Haynes was to complete the program at the Hinds County Restitution Center and all fines and costs were to be paid at a rate of one hundred dollars per month. Haynes accepted the terms of his probation but decided to walk away from the restitution center that same night. He remained at large until April of 1995.
*285 ¶ 3. On April 28, 1995, Haynes's probation was revoked. He was remanded to the custody of the Mississippi Department of Corrections. The revocation order stated that he was to receive no good time or early release credit until he made arrangements for the payment of the fine and restitution. Haynes did not seek relief from that order until January 2000. At that time he filed a motion to set aside that part of the circuit court's 1995 order that denied him any good time credit or early release until arrangements were made to pay the fine and restitution. Haynes claimed that he would have already completed his sentence had proper credits been given him. Instead, he alleged that he was being held in violation of Mississippi law for failure to pay the fine to Lamar County. The circuit court denied the motion and this appeal followed.

DISCUSSION
¶ 4. The circuit court's 1995 order stated Haynes "shall not be given any type of good time or early release until arrangements shall have been made to pay the balance of monies owed to Lamar County." Haynes claims that he is indigent and that he has no means of paying the fines. A statute governs making the payment of a fine a condition of probation or release. Miss.Code Ann. § 99-19-20 (Rev.2000). The original sentence is not challenged here, but only the sentence that was imposed after probation was revoked. The statute provides that it is proper to continue imprisonment "until the fine is paid if the defendant is financially able to pay and the court so finds," subject to certain limits. Miss.Code Ann. § 99-19-20(2). We consider whether this statute even applies, and if so, the effect of that application.
¶ 5. The specific sentencing terms mentioned in the statute are that (a) a fine be paid immediately, (b) a fine be paid in installments, (c) payment be made a condition of probation, (d) the defendant be required to work on public property for a specific length of time, or (e) any combination of these. Miss.Code Ann. § 99-19-20(1). This statute has been found to apply whenever release from prison is made contingent upon payment of a fine. Jones v. State, 564 So.2d 848, 851 (Miss.1990). What in effect occurred in Haynes's sentencing was to require that the full sentence be served unless "arrangements were made" to pay the fine. We need not concern ourselves with exactly how that would operate, such as whether making arrangements after a year would then allow earned credit to be applied retroactively. It is evident that whatever it precisely meant, Haynes's length of imprisonment was conditioned on payment of the fine.
¶ 6. One extra consideration is that the manner in which the sentence was conditioned was by reference to good time credits. That is not a category mentioned in section 99-19-20. The reason may well be because a trial court has no role to play in the operation of such credits. The earning of good time can lead to early release on parole. The grant or denial of parole is a matter over which the Department of Corrections has exclusive control, that control being independent of the circuit court's sentencing authority. Miss.Code Ann. § 47-7-5 (Rev.1993); Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990). The crime to which Haynes pled guilty was committed in 1991, which makes applicable the sentencing scheme in effect at the time. Puckett v. Abels, 684 So.2d 671, 674 (Miss.1996). Therefore he was eligible for earned time only according to the rules adopted under the exercise of the discretion of the Mississippi Department of Corrections. Ross v. State, 584 So.2d 777, 779 (Miss.1991). The Court has also phrased this as "the sentencing and the parole *286 chapters are separate and distinct," making what a circuit court states about earned time and parole of no effect. Mitchell, 561 So.2d at 1039.
¶ 7. Since a trial court has no statutory authority to limit parole, the Supreme Court has held that sentencing language that purports to do so is without legal effect. Brown v. State, 731 So.2d 595, 599 (Miss.1999). The remainder of the sentence remains in effect and its enforcement is unaffected. Thus, instead of concluding that this part of the sentence was subject to the procedural requirements of Section 99-19-20, we find that it was beyond the trial court's authority.
¶ 8. The phrase that Haynes "shall not be given any type of good time or early release until arrangements shall have been made to pay the balance of monies owed to Lamar County" is stricken from the sentence as required by Brown. We remand this cause to the circuit court so that evidence may be received from the Mississippi Department of Corrections regarding the status of Haynes's sentence after the removal of the language from the 1995 sentencing order.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS ARE ASSESSED TO LAMAR COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MYERS, PAYNE, and THOMAS, JJ., concur.
CHANDLER, J., not participating.