DUNCAN, Respondent, v. CORSON COUNTY et al., Appellants.

(162 N. W. 395.)

(File No. 4002.    Opinion filed April 30, 1917.)

1.  **Taxation—Injunction Against Collection—Retroactive Statutes— Statute Allowing Recovery After Payment Under Protest, and Forbidding Injunction Against Collection, Non-applicability of to Existing Suits.**

    Laws 1915, Chap. 289, authorizing payment of taxes under protest and suit for recovery thereafter of taxes wrongfully paid, making such remedy exclusive, and prohibiting injunctions against collection of taxes claimed thereunder, does not apply to a suit to enjoin collection of taxes begun prior to enactment of such statute.

2.  **Same—Excessive Tax—Injunction Against Collection—Showing Necessary, Excessive, Void, Tax, and Inadequate Remedy at Law—Replevin, or Conversion, as Remedies—Irreparable Injury, Etc., Not Shown.**

    A court of equity will not interfere by injunction with enforcement or collection of a tax which is excessive, illegal, or void, merely because its enforcement might work hardship; but burden is on plaintiff to show additional facts rendering inadequate the remedy or remedies at law, especially in case of personality taxes. Plaintiff might have maintained replevin, or conversion, in case of wrongful seizure of the personalty; or might have paid taxes under protest and recovered back excessive or illegal portions thereof. So held, where plaintiff's duty was, under Pol. Code, Sec. 2058, to list his property for taxation in either of the two counties in question; and, where no fraud on part of taxing officers was shown in assessing and levying an excessive tax on several hundred horses, it being admitted by plaintiff, and found by trial court, that a portion of the horses were subject to levy in county where assessed;

thereby rendering the taxes merely excessive; no showing being made that multiplicity of suits might be avoided, or that plaintiff would suffer irreparable injury, etc.

Appeal from Circuit Court, Corson County. Hon. RAYMOND L. DILLMAN, Judge.

Action by H. O. Duncan, against the County of Corson and others, to enjoin defendants from collecting certain personal property taxes. From a judgment for plaintiff, defendants appeal. Reversed, with directions.

*Robert Pearson,* and *Frank McNulty,* for Appellants.

*W. D. Hickman,* for Respondent.

*H. C. Preston,* for State Tax Commission.

(1.) To point one of the opinion, Respondent cited: 36 Cyc. pp. 1205, 6 and 7, 1215; Baldwin v. Aberdeen, 23 S. D. 636; Hulin v. Butte County, 18 S. D. 330.

(2.) To point two of the opinion, Appellants cited: Bismark Water Supply Co. v. Barn, as Sheriff, 30 N. D. 555, 153 N. W. 454, L. R. A. 1916A, 965; Brink v. Dann, 144 N. W. 734; Frost v. Flick, 1 Dak. 131, 46 N. W. 508; Cooley on Taxation, 3rd Ed. p. 1415; High on Injunctions, 4th Ed. Sec. 505; Taylor v. Secor, 92 U. S. 575, 23 L. Ed. 663; Sioux Saving Bank v. Minnehaha County, 29 S. D. 146, 135 N. W. 689, Ann. Cas. 1914D, 910.

Respondent cited: 37 Cyc. 1265-1266, and cases cited, note 22; Knapp v. Charles Mix County, 7 S. D. 399.

State Tax Commission cited: Chicago & N. W. Ry. Co. v. Rolfson, 23 S. D. 405; Franklin v. Appel, 10 S. D. 393; Beatty v. Smith, 14 S. D. 24; State ex rel. Kenamore v. Wood, 48 L. R. A. 602; David Dows v. City of Chicago, 20 L. Ed. 65 (U. S.); Misseck v. Columbia County Supervisors, 50 Barb. 190; C. M. & St. P. Ry. Co. v. Bowman County, (N. D.) 153 N. W. 986.

McCOY, J. This action was instituted to enjoin and restrain the defendants from collecting certain personal property taxes. Findings and judgment were in favor of plaintiff, and defendants appeal.

Plaintiff is a taxpayer and resident of Perkins county, residing near the line between Perkins and Corson counties. The defendants are Corson county and the board of county commissioners, auditor, treasurer, and sheriff of said county. Plaintiff is

a ranchman engaged in raising horses. For some years many of plaintiff's horses have been pastured and herded over the line in Corson county. In the year 1911 an assessor of Corson county returned an assessment against certain horses of plaintiff, then in said county, the tax on which amounted to $76.51. In the year 1913 an assessor of Corson county returned an assessment against 200 horses, claimed to belong to plaintiff, then in said Corson county, the tax on which amounted to $441.39. In the year 1914 said assessor of Corson county returned an assessment against 175 head of horses, claimed to be owned by plaintiff, the tax on which amounted to $342.74. In August, 1914, the sheriff of Corson county levied upon and took into his possession a number of horses claimed to belong to plaintiff for the purpose of satisfying and paying said taxes by a sale thereof under the laws of this state relating to the sale of personal property for taxes on personal property. Plaintiff, in September, 1914, commenced this action to restrain the collection of said tax and the sale of said horses so levied upon, alleging that the horses owned by plaintiff were owned and kept in Perkins county, that the general operations of herding and feeding said horses had always been conducted at his ranch buildings in Perkins county, that the horses owned by plaintiff at times strayed over into Corson county, but that their place of range and pasture was in the county of Perkins, and that all the horses owned by him during the years 1911, 1913, and 1914, were listed and assessed in Perkins county. Defendants interposed answer, admitting the said assessments and levies of taxes and the seizure of the said horses of plaintiff to satisfy said taxes, and made general denial of the allegations of the complaint, excepting as admitted.

Upon the trial of the cause the court, based on an admission of the plaintiff made in open court, found that the assessment and levy of the tax for the year 1911 was valid, and constituted a proper tax against plaintiff. As to the assessment and levy for the year 1913, the court in substance found that plaintiff was the owner of 103 head of horses, and that 91 head thereof had been assessed and taxes levied thereon in Perkins county, and that plaintiff was then the owner of not to exceed 20 head of horses not included in the assessment and tax in Perkins county, and that the assessment and levy of tax upon 200 head of horses against

plaintiff in the county of Corson for the year 1913 was and is excessive, illegal, and void. As to the assessment and levy for the year 1914, the court in substance found that plaintiff was then the owner of 113 head of horses, and that he was assessed and taxed in Perkins county for 101 head thereof, and that plaintiff was the owner or not to exceed 12 head of horses not included in the assessment and levy in Perkins county for that year, and that the levy and assessment in Corson county for the year 1914 was excessive, illegal, and void. As a conclusion of law, the court found that a proper and legal tax upon 12 head of horses, and no more, should be levied by the proper officers of Corson county against the plaintiff for the years 1913 and 1914. The court rendered judgment against plaintiff and in favor of Corson county for $76.51, the tax on horses for the year 1911, and rendered judgment in favor of plaintiff and against defendants, perpetually enjoining and restraining defendants from attempting to collect any of said taxes for the years 1913 and 1914. Defendants have appealed from the whole of said judgment. By consent of parties the State Tax Commission has filed a brief in this case in connection with the brief of appellants.

No motion for new trial was made by appellants. But at the close of all the evidence in the case the defendants moved the court to dismiss the action, for the reason that the court had no jurisdiction to grant the relief demanded in the complaint, or any relief, the same being relief in the nature of an injunction against the collection of taxes, the same not having been made under protest or any other steps in accordance with the law of 1915, and further on the ground that there are no grounds for the interposition of the equitable power of injunction, the plaintiff having a plain, speedy, and adequate remedy at law; and as a further motion defendants moved the court to dismiss the complaint on the merits and make findings in favor of defendants, for the reason that the plaintiff has wholly failed to establish the material allegations of his complaint, or any fact which would entitle him to injunctive relief, or other relief, and for the reason that there is no evidence that would support findings in favor of the plaintiff. The overruling of this motion is now urged as error by defendants. By proper assignments of error the appellants have raised the question: First, that by reason of the enactment of chapter

289, Laws 1915, plaintiff is precluded from maintaining this in-junction action; second, that plaintiff, under the circumstances of this case, was not entitled to invoke the remedy for relief by injunction at all under the findings and evidence in this case, in that plaintiff had a plain, speedy, and adequate remedy at law.

[1] We are of the opinion that the provisions of chapter 289, Laws of 1915, cannot be applied in this case, for the reason that said law was not enacted until some months after the commencement of this action. We are of the view that the issues of this case must be determined upon the facts, rights, and remedies of the parties as they existed at the time of the commencement of this action.

[2] The specific legal contention of appellants, as applied to the circumstances of this case, as disclosed by the findings and evidence, is that a court of equity will not interfere by injunction with the enforcement or collection of a tax which is excessive, illegal, or void, merely because its enforcement might result in some hardship; but, in addition to showing that such tax is excessive, illegal, or void, as a condition precedent to the interposition of equity jurisdiction to grant an injunction to restrain the collection of such taxes, the burden is upon the plaintiff to show additional facts to exist which render inadequate the remedy or remedies at law, and that this rule especially applies where personal property has been seized to pay a tax on personal property. We are of the opinion that this contention of appellants is well grounded, and that there is nothing in the findings or the evidence that would distinguish the seizure of the horses in question from a mere trespass. Plaintiff might have maintained an action at law in replevin or conversion in case the seizure of said horses by the sheriff was wrongful; or plaintiff might have paid these taxes upon protest and recovered back the excessive or illegal portions thereof. Chicago N. W. Ry. Co. v. Rolfson, 23 S. D. 405, 122 N. W. 343; Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, 153 N. W. 454, L. R. A. 1916A, 965; Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 65. The record shows this to be a case of excessive taxation. The record conclusively shows that respondent had horses in Corson county during the years 1911, 1913, and 1914, confessedly subject to taxation in Corson county. It also appears that the taxing officers in 1913 found at least 200

horses, and in 1914 found at least 175 horses, in Corson county, which belonged at plaintiff's ranch in Perkins county; but plaintiff's testimony tended to show that many of said horses belonged to the son of plaintiff, who resided at said ranch. It also appears that the taxing officers of Corson county requested plaintiff and his son to list their horses, which were in Corson county, for taxation, and that they refused and neglected to do so.

Under the law of this state it was plaintiff's duty to list his property subject to taxation in either Corson or Perkins counties. Rev. Pol Code, § 2058. These facts conclusively show that there was no fraud of any nature on the part of the taxing officers of Corson county in assessing and levying of said taxes on said horses against the plaintiff. No facts were found to exist by the trial court that would warrant the inference by injunction to restrain the collection of the taxes in question. The burden of proof was upon plaintiff to show facts which would warrant the court in exercising its equity jurisdiction to perpetually restrain the collection of said taxes, in addition to showing that said taxes, or some part thereof, were excessive, illegal, or void. A portion of these taxes for the years 1913 and 1914 were valid. It is confessedly admitted by the plaintiff, and so found by the trial court, that at least 12 head of horses, each year, were subject and liable to taxation in Corson county, thereby rendering the taxes for said years merely excessive. No fraud has been shown to exist on the part of the taxing officers of Corson county; nothing is found to show that a multiplicity of suits might be avoided; nothing is found tending to show that plaintiff would suffer any irreparable injury. There are no facts found that would authorize the invoking of equity jurisdiction to restrain the collection of the taxes in question.

The judgment is reversed, and the circuit court directed to dismiss plaintiff's cause of action on the merits.