ZIMMERMAN, Respondent, v. CORSON COUNTY et al.,
Respondents.

(163 N. W. 711.)

(File No. 4152.    Opinion filed July 5, 1917.    Rehearing denied
August 30, 1917.)

1.  **Appeals—Error—Quashing Order to Show Cause—No Exception,
    Effect.**

    The denial of a motion to quash an order to show cause
    will not be considered on appeal, where no exception to the
    order on said motion is shown of record.

2.  **Taxation, Assessment of Partnership and Individual Personalty—
    Subsequent Lump Assessment, After Payment of Original
    Assessment, Effect—Irregular, Distinguished From Void,
    Assessment—Enjoining Collection—Complaint, Sufficiency—
    Statute, Prohibiting Injunction, Conclusiveness of.**

    A complaint in a suit to enjoin collection of an alleged void
    assessment of taxes upon personalty, alleging an assessment of
    personalty of a co-partnership, composed of plaintiff and F,
    that plaintiff's property, that of the partnership, and that of
    F were separately listed and assessed, equalized, etc., that
    taxes were extended against plaintiff, and the partnership,
    separately in specified amounts, all of which taxes were paid
    prior to October 31st of that year, that the taxes assessed
    against F were also paid, that on November 2nd thereafter the
    county assessor made, from the original completed and per-
    manent assessment record as part of original record, an entry
    as follows: "All other cattle 3 years old or over.  No. 2800.
    Valuation, $140,000.  Total value of all personal property
    listed above $140,000."; that thereafter county auditor with-
    out authority of law except the aforesaid entry extended
    a pretended tax upon tax list of said county, etc., and deliv-
    ered certified duplicate tax list to county treasurer as a tax
    on personalty against plaintiff, said partnership, and F, upon
    the valuation of $140,000 aggregating $2338 without ex-
    planation or statement as to taxes or ownership of the ar-
    ticles of personalty attempted to be taxed as plaintiff's prop-
    erty, or of the parnership, or of F, same purporting to be
    assessed in a lump sum for the entire amount, and that no
    statement is found in records or files of county treasurer or
    auditor, wherefrom to determine the amount of tax attempted
    to be charged against plaintiff, or the partnership, or F, or
    from which plaintiff could be exempted from payment of any
    portion thereof, and that unless restrained, tax will be enforced
    against plaintiff by distraint; held, to fail to state facts suf-
    ficient to sustain a judgment adjudicating the alleged assess-
    ment to be illegal and void, and for cancellation of same of

record; since the complaint nowhere alleges that the 2800 head attempted to be assessed were not in fact owned by or in possession of persons to whom they were assessed, nor that they were included in the lists of taxable property returned to assessor by plaintiff, nor that they had been taxed elsewhere; that illegality of a tax alone furnishes no ground for equitable interference; and proceedings to enforce tax by distress and sale can give none. **Held,** further, that said assessment entries upon roll and duplicate, did not constitute a forgery, and were not void therefor. **Held,** further, that Laws 1915, Chap. 289, providing that any person, etc., against whom tax is levied, etc., may pay same under protest, and may within thirty days thereafter sue treasurer for recovery thereof, in which suit court may certify that the tax was wrongfully paid and ought to be refunded, whereupon same shall be refunded, etc., and that there shall be no other remedy in any case of collection of tax, and no injunction or prevention of its collection, etc., is controlling and conclusive, and affords a speedy and adequate remedy at law.

3. **Taxes—Recovery Back—Interest, Whether Recoverable?—Statute.**

The remedy under a suit to recover back the amount of a tax alleged to have been irregularly or wrongfully assessed and collected, is not rendered inadequate by reason of the fact that Laws 1915, Chap. 289, providing an exclusive remedy for the case of taxes which have been paid but were wrongfully assessed and collected, through suit to recover them back, and which does not provide for recovery of interest on such taxes; since plaintiff would be entitled to interest upon any sum wrongfully collected by county.

4. **Taxes—Wrongful Assessment, Remedy—Suit to Recover Taxes Paid, as Speedy Remedy—Irreparable Injury, Complete Statutory Remedy, as Effecting—Compensation in Damages, as Defeating Injunction.**

An action to recover taxes irregularly or wrongfully assessed and collected may be as speedily prosecuted to final judgment as may an injunction action; nor does the enforced collection of a tax unlawful in whole or in part, result in irreparable injury such as to entitle plaintiff to an injunction; and where there is a complete and adequate remedy at law for an injury, it is not irreparable; and if full compensation can be obtained by damages in an action in that form, injunction will not lie. So **held,** construing Laws 1915, Chap. 289, providing an exclusive remedy for unlawful assessment and collection of taxes, by suit to recover same back after paying same, etc.

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Dan Zimmerman, against Corson County and another, to cancel a tax assessment, and for an injunction, etc. From a judgment for plaintiff, defendants appeal. Reversed.

F. L. Bonzer, C. F. Sutclife, and Robert Pearson, for Appellants.

Porter & Grantham, for Respondent.

(2) To point two of the opinion, Appellants cited. Douglas v. City of Fargo, (N. D.) 101 N. W. 919.

Respondent cited: Board of State Tax Commissioners v. Quinn, (Mich.) 84 N. W. 1; People v. Forest, 96 N. Y. 544; Sec. 210, Pol. Code.

(3) To point three of the opinion, Respondent cited: United States v. North Carolina, 136 U. S. 211; Sawyer v. Colgan, 102 Calif. 283; Savings & Loan Soc. v. State, (Cal.) 63 Pac. 665; Parker v. State, 46 Wis. 375.

SMITH, J. Action in equity praying a judgment and decree canceling an alleged void and invalid assessment of taxes upon personal property, and permanently enjoining the enforcement of taxes based upon such assessment. A demurrer to the complaint was overruled by the trial court, and this ruling is assigned as error.

[1] Respondent upon an order to show cause duly served, obtained from the trial court an order restraining appellants from attempting to enforce the tax during the pendency of the action. Upon the return day appellants moved to quash the order to show cause upon various grounds, which motion was overruled. Error is assigned also upon this ruling. No exception to this order is shown by the record, and such assignment cannot be considered. The demurrer to the complaint having been overruled, and appellants being in default, a judgment was entered against appellants which recites that:

"This matter coming on to be heard upon the motion and application of the plaintiff to declare the defendants in default herein, and for leave to offer testimony and for judgment and decree thereon, the plaintiff appearing by his attorneys, Porter & Grantham, the defendants not appearing, and it appearing to the satisfaction of the court that the notice of motion and application was duly served upon counsel for defendants, that more than 60 days have elapsed from the service of the notice of order over-

ruling the demurrer herein, and the time for appeal therefrom having expired, and no answer or application therefor having been made, * * * it is ordered that defendants be, and they are hereby, declared to be in default, and the plaintiff entitled to offer his proofs and to have judgment and decree in conformity with the prayer of his complaint, if warranted by the testimony. The plaintiff having offered his testimony before the court, and it appearing to the satisfaction of the court that the allegations of the complaint are true, the plaintiff is entitled to the relief demanded in the complaint," etc.

And the judgment is that the alleged assessment is illegal, invalid, and void, that the same be canceled from the tax records of the county, and that the treasurer be perpetually enjoined from enforcing the collection of taxes upon such assessment. The appeal is from this judgment. Findings of fact having been waived by default (section 278, Code Civ. Proc.), the only question upon this appeal is the sufficiency of the complaint to sustain the judgment.

[2] As stated by appellant, the questions to be decided are:

"(1) Was the assessment and taxation of the property complained of illegal or done in an illegal manner?

"(2) Will an injunction lie in a case of this description?

"(3) Does chapter 289 of the Session Laws of the state of South Dakota in and for the year 1915 apply to this case?"

The allegations of the complaint may be sufficiently summarized as follows: That on and prior to the 1st day of May, 1914, the plaintiff was the owner of real and personal property in Corson county; that at the proper time the plaintiff duly listed with the county assessor his real and personal property subject to taxation in said county, and also listed for taxation the personal property of the firm of Field & Zimmerman, a copartnership, composed of plaintiff and one Field; that the personal property belonging to said A. L. Field was duly listed for taxation, and was separately assessed for that year; that the plaintiff has no interest or ownership in the property of said Field, but has an interest in the property of Field & Zimmerman as a partner; that the property of the plaintiff, the property of the firm of Field & Zimmerman, and property of A. L. Field were separately listed and assessed, and duly entered upon the assessor's book, and

certified and filed with the county auditor, and thereafter approved and certified by the county board of equalization, and duly approved by the state tax commission; that plaintiff's property assessment valuation as approved and certified by the county board of equalization was $108,749, which was increased by order of the tax commission to the sum of $142,768; that upon such valuation personal taxes were extended against plaintiff in the sum of $2,384.23, and against the firm of Field & Zimmerman in the sum of $841.26; that prior to the 31st day of October, 1914, the whole of said taxes against the property of plaintiff and against the firm of Field & Zimmerman were paid to the county treasurer of said county; also that the tax assessed against the personal property of A. L. Field for the year 1914 was duly paid and receipt therefor issued to the said Field; that on or about the 2d day of November, 1914, and after the assessment, levy, and payment of all of said taxes, the county assessor of Corson county made, upon the original completed and permanent assessment record, and as though it were a part of the original record, an entry as follows:

"8. All other cattle 3 years old and over.    No. 2,800. Value, 140,000.    Total value of all personal property listed above, 140,000."

That thereafter the county auditor of said county, without authority of law, except the aforesaid entry, extended a pretended tax in due form upon the tax list of Corson county and upon the duplicate thereof, and delivered the duplicate tax list duly certified to the county treasurer of said county, as a tax on personal property against the plaintiff, the firm of Field & Zimmerman, and A. L. Field, upon a valuation of $140,000, which tax aggregated the sum of $2,338, without separation or statement as to taxes or the ownership of the articles of personal property attempted to be taxed as the property of plaintiff, or of the property of Field & Zimmerman; the same purporting to be assessed in a lump sum for the entire amount, and that no record, entry, or statement is found in the record or any files in the office of the county treasurer or auditor or other officer wherefrom may be determined the amount of tax attempted to be charged against plaintiff or against A. L. Field or against the firm of Field & Zimmerman, or from which any division of said

tax could be made, or plaintiff exempted from the payment of any portion thereof; that the defendant county treasurer has demanded of plaintiff payment of said entire taxes with penalty and interest, and threatens to enforce the same in the manner provided by law against the real and personal property of plaintiff; that the same will be enforced against the property of plaintiff by distraint; and that said treasurer threatens and is about to enforce payment of taxes so assessed against personal property of A. L. Field, in which plaintiff has no interest. The evidence before the trial court upon which the findings of fact were based is not in the record, nor do appellants question its sufficiency to sustain the judgment. Appellants' counsel state in their brief that the various assignments of error are summarized in the contention that the facts stated in the complaint are not sufficient upon which to base the judgment. We are of the view that the allegations of the complaint are not sufficient to sustain the judgment. The complaint seems to have been framed on the theory that an irregularity in the mode of making an assessment would entitle the plaintiff to injunctive relief. We reach this conclusion for the reason that the complaint nowhere alleges that the 2,800 head of cattle attempted to be assessed were not in fact owned by or in possession of the persons to whom they were assessed in Corson county, nor that they were included in the lists of taxable property returned to the assessor by plaintiff, nor that they had been taxed elsewhere.

Appellants' contention is, in substance, that the entry of the purported assessment upon the completed assessment roll or record, and upon the duplicate placed in the hands of the treasurer for collection, was in effect a forgery and void, and would entitle plaintiff to en join the collection of any tax on such property.

In Railroad Co. v. Rolfson, 23 S. D. 405, 122 N. W. 343, and in Duncan v. Corson County, 162 N. W. 395, this court held that the illegality of a tax alone furnished no ground for equitable interference, and that proceedings to enforce the tax by distress and sale can give none, and said: ·

"The exceptions to this rule, if any, must be of cases which are to be classed under the head of irreparable injury; as, when the enforcement of a tax might destroy a valuable franchise, or

when property is levied upon which possesses a peculiar value to
the owner beyond any possible market value it can have, and
other like cases where the recovery of damages would be inade-
quate redress."

The allegations of the complaint may warrant an inference
that the taxing authorities of Corson county may have proceeded
irregularly in the attempted assessment, but not that such acts
were designedly fraudulent or wrongful. In this case we have
no occasion to consider the character of equitable relief, if any,
which might be granted where the acts of taxing officers are
shown to be intentionally fraudulent and wrongful or where
property is not taxable or where taxes have already been paid
thereon.

Upon the facts alleged in this case, chapter 289, Laws of
1915, is controlling and conclusive. That act provides:

"Any person, association, copartnership, company or corpor-
ation against whom any tax is levied, or which may be required
to pay the same, may pay the same under protest to the treasurer
authorized to collect or receive the same, giving notice at the time
of payment of the reasons for such protest; and the party making
such payment may at any time within thirty days thereafter
commence an action against the said treasurer for the recovery
thereof in any court of competent jurisdiction, and if it deter-
mines that the same was wrongfully collected as not being due
for any reason going to the merits of the same in whole or in
part, then the court trying the action may certify of record that
the same was wrongfully paid and ought to be refunded where-
upon the same shall be refunded, which shall be paid in preference
to other claims upon the treasury upon the final determination
of the action, on appeal or otherwise, and the pro rata shares
of the money so refunded shall be charged to the state, city, in-
corporated town, township or school corporation which may have
received any part of such money. The right of appeal shall exist
to both parties as in other actions. There shall be no other rem-
edy in any case of the collection of the tax than that above pro-
vided, and no injunction for the prevention of the collection of
any revenue claimed thereunder or to hinder or delay the collec-
tion of the same shall in any wise issue but in all cases in which,
for any reason, it shall be claimed that the tax collected or about

to be collected, was or is wrongfully or illegally collected or about to be collected for any reason whatever, in whole or in part, the remedy shall be as above provided and in no other manner."

Inadequacy of the remedy at law is the basis on which a court of equity founds the exercise of its power to afford relief by injunction.

"If it appears to the satisfaction of the court that a person has a property right, and that he has no means of protecting it from injury in the hands of another, the court may then exercise its extraordinary power." 14 R. C. L. 339 (VII).

"In fact the ground [lack of adequate legal remedy] may be said to be the most common one, and the great underlying principle on which equity jurisdiction in general is founded. In this connection, however, it is to be remembered that, though there be no remedy at law, this does not necessarily and of itself give a court of equity jurisdiction to afford relief, nor would it seem that the fact of the remedy in equity being more convenient than that at law will justify a resort to chancery, although there is apparently authority to the contrary."

Respondent's contention that this statute does not afford a plain, speedy, and adequate remedy at law cannot be sustained.

[3] An action to recover a tax irregularly or wrongfully assessed and collected may be as speedily prosecuted to final judgment as may an injunction action, and the statute itself declares that any taxes wrongfully paid and which ought to be refunded in whole or in part shall be repaid in preference to other claims upon the county treasury. Respondent's suggestion that the remedy is not adequate for the reason that the statute does not in terms authorize a recovery of interest is without merit. It cannot be doubted that plaintiff would be entitled to interest upon any sum wrongfully collected by the county; nor can we agree with respondent's suggestion that the enforced collection of a tax, unlawful in whole or in part, may result in irreparable injury such as to entitle the plaintiff to a remedy by injunction. In 14 R. C. L. 346 (48), it is said:

"As a general rule, where the injury appears to be such that an adequate and complete compensation therefor cannot be recovered in an action at law, it will be regarded as irreparable within the meaning of that term as used in this connection. Where,

however, there is a full, complete, and adequate remedy in a court of law for an injury, it is not irreparable; and if full compensation can be obtained by damages in an action in that form, equity will not apply the extraordinary remedy by injunction. To justify equity interposition the injury must be of a peculiar nature so that compensation in money cannot atone for it."

In Youngblood v. Sexton, 32 Mich. 406, 20 Am. Rep. 654, it was held that the wrongful collection of a tax could no more work irreparable injury .than could the collection of any other money, wrongfully demanded, and that courts have never recognized the consequences of a mere enforcement of a money demand as falling within that category. This view was approved in Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, 153 N. W. 454, L. R. A. 1916A, 965.

The judgment of the trial court is reversed.