FILM TRANSIT CO., et al. v. CRAPPS, et al.

Apr. 28, 1952.

No. 38289 (58 So. (2d) 364)

O. B. Triplett, and Snow & Covington, for appellants.

Roy N. Lee and James W. Lee, for appellees.

**Holmes, J.**

The appellees, who are the father, mother, brothers, and sisters and only heirs at law of Kenneth Crapps, deceased, brought this suit against the appellants and Gaddis N. Trest, seeking to recover damages for the alleged wrongful death of the said Kenneth Crapps, resulting from a collision between a GMC truck of the Film Transit, Inc., driven at the time by O. G. Bridges, and a Chevrolet automobile belonging to and driven by Gaddis N. Trest, and in which Kenneth Crapps was riding as a guest.

The trial resulted in a verdict and judgment for the appellees in the amount of $12,500, from which the Film Transit, Inc., and O. G. Bridges appeal. There is no appeal by Gaddis N. Trest.

The collision occurred at about 4:30 o'clock on the morning of April 30, 1950, on U. S. Highway 35, about six miles north of Forest. The highway was a black-top highway. It was rainy and the pavement was wet and slippery. The Trest automobile was proceeding in a northerly direction and travelling at a rate of speed of about 35 miles per hour. The truck of the Film

Transit, Inc., loaded with motion picture films, newspapers, and merchandise for delivery in the course of its business, was proceeding in a southerly direction and traveling at a rate of speed of from 40 to 45 miles per hour. As the vehicles approached each other, each dimmed their lights and each was travelling on the right side of the highway. When the vehicles were within about 400 feet of each other, the Trest automobile went off of the pavement on its right side and traveled in a straight line, with its right front and rear wheels about two feet off of the pavement, for a distance of 180 or 185 feet, when it suddenly turned back on the pavement and went across the pavement in the pathway of the on-coming truck and was struck by the truck and practically demolished, and Kenneth Crapps was killed.

There was testimony to the effect that Bridges saw the Trest automobile when it first went off of the pavement and that he did not slacken his speed. He testified that he did not know that the Trest automobile was out of control until it was within 30 or 35 feet from him and it was then too late to avoid the collision.

It was the contention of the appellees that Bridges knew, or should have known in the exercise of reasonable care, that the Trest automobile was out of control when it went off of the pavement and that it was likely to cut back on the pavement and precipitate a collision and that he was negligent in failing to take reasonable precaution to slacken his speed and bring his truck under control and avoid the collision. On the other hand, it was the contention of appellants that Bridges was driving the truck at a lawful and reasonable rate of speed and on his right side of the highway and had no reason to anticipate that the Trest automobile would be driven to his side of the highway and in his path, and that he did not know that the Trest automobile was out of control until he was within 30 to 35 feet of it, and that at that time it was not possible for him to stop his truck or slacken his speed so as to avoid the collision.

In view of the fact that this case must be reversed and a new trial granted for reasons hereinafter stated, we do not comment upon the evidence directed to the respective contentions of the parties, further than to say that in the opinion of **Justices Hall, Arrington, Ethridge,** and the writer of this opinion, the evidence was sufficient to create an issue for the jury on the question of negligence vel non of the appellants, whereas **Chief Justice McGehee,** and **Justices Roberds, Alexander,** and **Kyle** are of the contrary opinion.

According to the views of a majority of the Court, however, the granting of instruction No. 6 to the appellees constitutes reversible error. ██ █ This instruction is as follows:

"The court instructs the jury for the plaintiff that, if you believe from a preponderance of the evidence that O. G. Bridges saw, or in the exercise of reasonable care, could have seen that the Trest automobile was not under control immediately prior to the collision, and, if you further believe from a preponderance of the evidence that O. G. Bridges, in the exercise of reasonable care, foresaw or should have foreseen that the Trest automobile, being out of control, would likely proceed into the west lane of Highway No. 35, and that the said O. G. Bridges negligently failed to stop his said truck or to reasonably slow down in order to enable him to stop, if failure it was, and that such failure if so it was, proximately caused or contributed to the collision and death of plaintiffs' deceased, then it is your sworn duty to return a verdict for the plaintiffs against O. G. Bridges and Film Transit, Inc."

The majority of the Court are of the opinion that this instruction imposed too great a burden upon the appellants. ██ █ It told the jury that if they believed from a preponderance of the evidence that Bridges saw, or in the exercise of reasonable care, could have seen that the Trest automobile was not under control *immediately* prior to the collision, and that being out of con-

trol, it would likely proceed into the west lane of the highway, and that Bridges negligently failed to stop his truck or slow down, and that such failure caused or contributed to the collision, then they should return a verdict for the plaintiffs. The use of the words ''immediately prior to the collision'' was calculated to, and no doubt did, lead the jury to construe this language of the instruction as meaning a collision then imminent or impending. Such would be the construction which a jury of practical men might in all reason be expected to give to the language used, and the important consideration, of course, is how the jury may have construed this language and not how a reviewing court may later construe it. Therefore, under the construction which the jury might reasonably have adopted, it could be assumed as true that Bridges saw that the Trest automobile was out of control *immediately* prior to the collision and that it would likely proceed into the west lane of the highway, yet it would have been humanly impossible in such an infinitesimal period of time to stop his truck or even slow it down in time to avoid the collision. Nevertheless, the instruction imposed upon him the duty to do that which in all human experience was manifestly impossible. Bridges admitted that he knew the Trest automobile was out of control when it was within 30 or 35 feet from him and that he did not then slow down because there was not time. That there was not then time to slow down is obviously true. Yet the instruction imposed upon Bridges the duty to then slow down and for his failure so to do, imposed liability. The effect of the instruction was to require of Bridges the accomplishment of that which was impossible or suffer liability. Since Bridges admitted that he knew the Trest automobile was out of contol immediately prior to the collision and that he did not then slow down, the instruction was equivalent to a peremptory.

It is argued, however, that the error of this instruction

was cured by the following instruction granted to the appellant:

"The court instructs the jury for defendants, Film Transit and O. G. Bridges, that if you believe from the evidence in this case that the defendant Bridges was driving his truck south on Highway 35 some 5 or 6 miles north of Forest and that he was driving same on his right hand side of the highway and at a reasonable rate of speed, under the circumstances then existing, and that the defendant, Mr. Trest, was driving north on said highway and the two vehicles were meeting and that the drivers of the two vehicles each dimmed their headlights when they were some distance apart, and thereafter the Trest car was pulled or slid to the right and its two right wheels were off the paved portion of the highway and the car ran some distance with the right wheels off the pavement and practically parallel to the edges of the pavement and that it suddenly ran onto the pavement and across the highway directly in front of the Bridges truck and that Bridges did not realize the car was out of control or in trouble until it was within 30 or 35 feet from his truck and that he then acted as a reasonably prudent person would have acted under the circumstances, it will be your duty to find for defendants, Film Transit and Bridges, and to assess no damages against either of these two defendants."

The majority of the Court think this instruction not only did not cure the error of the said instruction No. 6 for the appellees, but that it aggravated the error in that the two instructions are contradictory and conflicting. In the latter instruction, the jury were told that if Bridges did not realize that the Trest automobile was out of control until it was within 30 or 35 feet from the truck and that he then acted as a reasonably prudent person under the circumstances, he was relieved of liability. In the former instruction, the jury were told that if he *should* have known that the Trest automobile was out of control immediately prior to the collision, his

failure to take reasonable precaution to stop or slacken his speed imposed liability. The jury might very well have believed that Bridges did not realize that the Trest automobile was out of control until it was within 30 or 35 feet from him, which was obviously immediately prior to the collision, yet they were told in instruction No. 6 that if he *should have known* it, he was held to accountability. The two instructions are, therefore, irreconcilable, and not only afforded no proper guide to the jury in arriving at a verdict, but necessarily served to confuse and confound the jury. The decisions of this Court condemning the giving of contradictory and conflicting instructions are too numerous to require citation.

The majority of the Court are unable to say that the error heretofore pointed out in said instruction No. 6 and the irreconcilable conflict between that instruction and the above quoted instruction granted to the appellants did not prejudicially influence the verdict of the jury and it follows, therefore, that the judgment of the court below should be and it is reversed and remanded for a new trial.

Reversed and remanded.

**McGehee, C. J.**, and **Roberds, Alexander,** and **Kyle, JJ.,** concur.

**Hall, Arrington,** and **Ethridge, JJ.,** dissent.

**Lee, J.,** took no part.

**Hall, J.** (dissenting).

I respectfully dissent from the majority holding in this case to the effect that the two quoted instructions were in irreconcilable conflict. I think the controlling opinion is erroneous and that this error arises from the fact that the opinion places undue emphasis on the word "immediately" and gives it a strained and narrow

meaning, assuming that it means "instantly" and nothing else. It is significant to observe that not a single authority is cited to support the majority view.

In 42 C. J. S., pages 387-388, the following is said with reference to the word "immediate":

"A comprehensive and elastic term, of no very definite signification, but admitting of many varieties of definition, depending on the context, the connection in which it is used, or on the facts of each case. It is the indicium of a time interval as well as that of an interval of space; is used in ordinary language as a relative and comparative term, of relative signification, and so it is often not construed in its usual meaning. It is not a technical word, for to give the term its literal signification, regardless of the attending situations and circumstances, would defeat meritorious claims, in many cases, on purely technical grounds * * * *Relating to Time.* In a strict sense, it has been defined as meaning at the present instant; instant, without any delay, or without any time intervening, not deferred by any lapse of time, present, or presently. It is, however, often used, like similar absolute expressions, with less strictness than the literal meaning requires; and, so used, it has been said that the word does not mean 'instant,' and is never employed to designate, or refer to, an exact portion of time; but it has been construed to mean as soon as reasonably practicable under the circumstances, near in time, within a reasonable time, having due regard to the nature and circumstances of the case, without unreasonable and unnecessary delay, or with reasonable diligence."

Turning now to the word "immediately" which is used in the plaintiff's instruction and which is condemned by the majority opinion, we find the following in 42 C. J. S., pages 390-393: "The word is an adverb, or the adverbial form, of 'immediate,' defined above, and, like that word, is an elastic and relative term, admitting of much variety of definition; and, as indicated in the fol-

lowing subdivisions, it may be used with relation to cause and effect, place or space, and time. Like similar absolute expressions, it is used with less strictness than the literal meaning requires and is much subject to its context or to its grammatical and other connections, and has been defined generally as having nothing intervening either as to place, time or action. * * * *Relating to Time.* While it is perhaps most frequently used with reference to time, it has been said that there is no precise definition, so far as time is concerned, of the word 'immediately.' Depending entirely on the circumstances, it has been variously defined, being a relative term, which may have either a strict or an enlarged relative meaning, as indicated in the two following subdivisions. * * * Although, as stated in the preceding subdivision, the word, in its strict sense, excludes all mesne time, when it is applied to time, in a less strict sense, it has no very definite signification, is rarely employed to designate an exact portion of time, but is given a relative signification; and a certain latitude is to be given the sgnificance of the word. As thus used, it does not, in legal contemplation, necessarily exclude all mesne time, but, indeed, has often been construed to mean as soon as an act can with reasonable diligence be performed. In this use, and always having regard to the circumstances or the facts of the particular case, 'immediately' has been specifically defined as meaning as soon as may be, after the happening of some event; as soon as practicable under the circumstances; in, or within, a reasonable time; proximately, directly, or close to; with due or reasonable diligence, having regard to the circumstances of the particular case; within a reasonable time, under the circumstances, or under all the facts and circumstances of the case; within such convenient time as is reasonably requisite, or may be reasonably necessary, under the circumstances, to do the thing required; without unnecessary, unreasonable, or inexcusable delay, under all the circumstances.''

Our Mississippi authorities are wholly in accord with the foregoing text of C. J. S. In Judah v. Brothers, 72 Miss. 616 623, 17 So. 752, 754, 33 L. R. A. 481, our Court said: "The word 'immediately' is a relative term, and has relation to the course of business with reference to which it is used" and it was there held that "immediately" does not mean instantly. Again, in Fairly v. Albritton, 121 Miss. 714, 720, 83 So. 801, 802, this Court said: " 'Immediately' is a term of relative signification, and never designates an exact portion of time, and is used with more or less latitude by universal consent, according to the subject to which it is applied." Again, in State ex rel. Knox v. Wyoming Mfg. Company, 138 Miss. 249, 274, 103 So. 11, 16, this Court said that immediately "does not mean instantaneously, but is to have a practical interpretation, and means as early as practical." In Byers Mach. Company v. Cobb Brothers Const. Company, 182 Miss. 212, 226, 179 So. 565, 567, this Court said: "The word 'immediately' in this connection means 'as soon as practicable under the circumstances.' " In Lucedale Veneer Company v. Rogers, 211 Miss. 613, 622, 48 So. (2d) 148, 149, 53 So. (2d) 69, we recently said: " 'Immediately' in a strict sense signifies forthwith, without delay and straightway. Yet, in a broader sense, it has been held to mean as soon as an act can, with reasonable diligence, be performed" and we then quoted with approval from the foregoing reference to 42 C. J. S., page 392. On consideration of a suggestion of error in the same case, 211 Miss. at page 630, 53 So. (2d) 69, 72, we said: "No doubt the word 'immediately' is sometimes used in the sense of 'instantly,' but that is by no means its only meaning."

I have not been able to find a single Mississippi case which holds that the word "immediately" means "instantly", and the majority opinion in this case is the first time we have so construed it. Here the majority holds that it means "an infinitesimal period of time"

and in my judgment this is contrary to all our decisions and contrary to the quoted text of C. J. S. If we give the word "more or less latitude * * * according to the subject to which it is applied", Fairly v. Albritton, supra, and give it "relation to the course of business with reference to which it is used", Judah v. Brothers, supra, and give it a "practical interpretation", State ex rel. Knox v. Wyoming Mfg. Company, supra, and recognize that " 'instantly,' * * * is by no means its only meaning", Lucedale Veneer Company v. Rogers, supra, and consider it "having regard to the circumstances of the particular case * * * or under all the facts and circumstances of the case", 42 C. J. S., page 392, supra, then the plaintiff's instruction No. 6 is fully explained and harmonized with the defendant's instruction quoted in the majority opinion and means simply that the jury must believe that Bridges saw, or in the exercise of reasonable care could have seen that the Trest automobile was not under control when its right wheels went off the pavement.

As stated in the fourth paragraph of the controlling opinion "There was testimony to the effect that Bridges saw the Trest automobile when it first went off of the pavement and that he did not slacken his speed." At that time "the vehicles were within about 400 feet of each other" as conceded in the third paragraph of the controlling opinion. The issue for the jury was whether Bridges then saw or in the exercise of reasonable care could have seen that the Trest automobile was not under control; in point of time, under the above authorities, the moment when Bridges saw that the Trest automobile went off the pavement was "immediately" prior to the collision. The defendant's instruction quoted in the controlling opinion plainly told the jury that if "Bridges did not realize the (Trest) car was out of control or in trouble until it was within 30 or 35 feet from his truck and that he then acted as a reasonably prudent person would have acted under the circumstances, it will be

your duty to find for the defendants, Film Transit and Bridges, and to assess no damages against either of these two defendants." It is inconceivable to me that able counsel for Film Transit and Bridges failed to argue this instruction to the jury with all the emphasis possible or that the jury failed to fully understand the issue which was submitted to them.

In Lamar Hardwood Company v. Case, 143 Miss. 277, 290, 107 So. 868, 870, this Court said: "We have often announced in this court that the instructions must be taken together and be construed as a whole, one as modifying, explaining or qualifying another; and, if the instructions taken as a whole correctly announce the law applicable to the case, we will not reverse the judgment because of an imperfect single instruction." Again, in Alabama & Vicksburg R. R. Company v. Fountain, 145 Miss. 515, 111 So. 153, 155, we said: "It is familiar learning that all of the instructions are to be construed together, and, if when so construed, they fairly state the law, the judgment will not be reversed, even though there may be slight inaccuracies in particular instructions." In City of Jackson v. Lewis, 142 Miss. 806, 108 So. 156, 157, we said: "We think the criticism of the instruction, taken alone, is well founded, but, construed in connection with the other instructions in the case, it was not calculated to mislead the jury." In Gulfport Fertilizer Company v. Bilbo, 178 Miss. 791, 174 So. 65, 66, we said: "All instructions in a case must be read and considered together as one, and when this instruction is read in connection with, and as a part of, the appellee's instruction, referred to above, we think the jury was furnished with a fair guide as to the measure of duty of the master, and that, consequently, the error in appellee's instruction does not justify or require a reversal." In Green v. Maddox, 168 Miss. 171, 149 So. 882, 883, 151 So. 160, we said: "It may be conceded that the instruction was erroneous; nevertheless, taken in connection with the other instructions in the case, it was not misleading to the jury." In

Long-Bell Lumber Sales Corporation v. Perritt, 178 Miss. 194, 172 So. 747, 749, we said: "This instruction, taken in connection with all the others, could not have misled the jury." In Weems v. Lee, 185 Miss. 98, 187 So. 531, 533, we said: "This error, however, could not have misled the jury in the light of other instructions given." There are not less than fifty other decisions of our own Court which recognize and adhere to the principles announced in the above quotations.

Let us then examine the record as to some of the other instructions which were granted in this case, bearing in mind that the collision in question occurred on a dark night, in a drizzling rain, on a level stretch of paved highway which Bridges knew to be wet and slippery, and after Bridges admittedly saw about 400 feet away that the right wheels of the Trest car had gone off the pavement and onto the shoulder of the road, and that the issue was whether Bridges then saw that the Trest car was in trouble or out of control and whether he should have reduced the speed of the truck in view of all the circumstances then existing. The plaintiff's instructions Nos. 4 and 5 are as follows:

"The court instructs the jury for plaintiffs that even though you may believe from a preponderance of the evidence that Gaddis Trest was negligent in driving his automobile into the west lane of Highway No. 35 at the time testified about, and that such negligence proximately contributed to the collision and death of plaintiffs' deceased, yet, if you further believe from a preponderance of the evidence that O. G. Bridges was negligent in driving his truck at an excessive and dangerous speed under the circumstances and conditions then existing, or that O. G. Bridges was negligent in failing to stop his truck or to reasonably slow down his truck to enable him to stop, and that such negligence, if any, proximately contributed to the collision and death of plaintiffs' de-

ceased, then it is your sworn duty to return a verdict for plaintiffs against all defendants.''

''The court instructs the jury for the plaintiff that the law imposes upon the driver of an automobile the duty to use that degree of care and caution which an ordinarily prudent person would exercise under the same or similar circumstances, and if you believe from a preponderance of the evidence that O. G. Bridges failed to use that degree of care and caution in the speed and in the control of his truck which an ordinarily prudent person would exercise under the same or similar circumstances, and that such failure, if any, proximately caused or contributed to the collision and to the death of plaintiffs' deceased, then, it is your duty to return a verdict for the plaintiffs against O. G. Bridges and Film Transit, Inc.''

The defendant obtained the following instructions:

''The court instructs the jury for Film Transit and Bridges that you cannot return a verdict against these two defendants based on conjecture or guess or possibility. It is the law that plaintiffs have the duty and burden to prove by evidence the charge of negligence made by plaintiffs against these defendants and the amount of evidence required to be produced to substantiate plaintiffs' charge is a preponderance or greater weight of the evidence and if plaintiffs have failed in this regard your verdict should be in favor of these two defendants.

''The Court instructs the jury for the defendants, Film Transit and Bridges, that if you find from the evidence in the case that Mr. Trest was guilty of negligence in the handling or driving of his car and that Bridges handled and drove his truck just before and at the time of the accident as a reasonably prudent person would have under the circumstances, it will be your duty to find in favor of Film Transit and Bridges and not to award any damages to plaintiffs against either Film Transit or Bridges.''

"The Court instructs the jury for Film Transit and Bridges that even though you may believe that Bridges saw Mr. Trest's car when its right wheels ran onto the shoulder of the road, yet you cannot find a verdict against Film Transit or Bridges, unless you further believe from a preponderance of the evidence that Bridges, from what he saw, should have reasonably foreseen that Mr. Trest would probably run his car suddenly across the center of the highway before the two vehicles could pass each other, and that Bridges acted negligently in proceeding as he did."

"The court instructs the jury for Film Transit and Bridges that you should consider the case and your verdict separately as to Film Transit and Bridges and the other defendant, Mr. Trest, and that you cannot find against Film Transit and Bridges on account of any negligence of Mr. Trest alone, if any, for you cannot find a verdict against Film Transit and Bridges, unless the plaintiff has proved to the jury by a preponderance or greater weight of the evidence that Film Transit and Bridges were guilty of negligence as plaintiff charged and unless plaintiffs have so proved your verdict should be for dedants, Film Transit and Bridges."

"The court instructs the jury for Film Transit and Bridges that is is not enough for plaintiffs to prove that there was an accident and that the deceased was injured and killed in the accident to warrant you in finding against these two defendants, for it is the law that before you can return a verdict against these two defendants plaintiffs must prove to you by a preponderance of the evidence that these two defendants were actually guilty of negligence charged against them by plaintiffs and if plaintiffs have failed to prove that these two defendants were guilty of such negligence your verdict should be in favor of these two defendants."

It should be noted that in the last two instructions above quoted the jury were told that before they could award plaintiff a recovery they must believe from a preponderance of the evidence that Film Transit Company and Bridges "were guilty of negligence as plaintiff charged" in one instance, and, in the other instance, that "these two defendants were actually guilty of negligence charged against them by plaintiffs." According to the declaration, the negligence charged by the plaintiffs was that the truck was heavily loaded and difficult to control and drive, "that it was nighttime; that the weather was bad and rainy; that the highway was bumpy, wet, slippery and dangerous to drive upon." Bridges admitted the existence of each of the quoted facts except the charge that the highway was bumpy. The declaration then charged that it was the duty of Bridges to drive the truck "in a careful, reasonable and lawful manner, and at a careful, reasonable and lawful speed under the conditions then existing." The declaration further charged that Trest "lost control of his automobile and carelessly, negligently and unlawfully drove and skidded his automobile to the west side of said highway;" that Bridges, the employee and driver of Film Transit Company's truck, "saw, or by the exercise of reasonable care should have seen that defendant, Gaddis N. Trest, had lost control of his automobile, as aforesaid, at a time and at a distance, when and where, by the exercise of reasonable care and caution, defendants, Film Transit, Inc., and O. G. Bridges, could have stopped and should have stopped the GMC truck" and that they negligently failed to do so. The issue was thus squarely raised in the declaration and the jury, presumably composed of reasonable men, could not have misunderstood what was the real issue in the case.

The jury was fully and fairly charged as to the law of the case and as to the issue which was submitted to them when all the instructions are considered together and as one full statement of the law, as we have repeatedly held

that all the instructions should be considered. In addition to the instructions already quoted above the defendants also obtained the following instructions:

"The court instructs the jury for Film Transit and Bridges, that when the operator of a motor vehicle is, by a sudden emergency, not of his own making, placed in a position of imminent peril to himself, or to another, without sufficient time in which to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as is required of him under ordinary circumstances, and is not liable for injuries caused by his motor vehicle if an accident occurs even though a course of action other than that which he pursues might be more judicious, provided he exercises ordinary care in the stress of circumstances to avoid an accident."

"The court instructs the jury for defendants, Film Transit and O. G. Bridges, that if you believe the collision of the truck and the Trest automobile was a simple accident insofar as Film Transit and Bridges are concerned and without being contributed to by any negligence on the part of the said defendants, it will be your duty as jurors to return your verdict in favor of these two defendants."

"The court instructs the jury for Film Transit and O. G. Bridges that plaintiffs have charged in their declaration that these two defendants were guilty of negligence proximately causing or contributing to the collision of the truck and automobile of Mr. Trest. The burden of proof rests upon plaintiffs not only to prove that the deceased was killed as a result of the collision of the truck and the automobile, but also to prove by the preponderance of the evidence or the greater weight of the testimony that Bridges was guilty of negligence in the manner in which he drove the truck just before and at the time of the collision of the truck and automobile and that such negligence, if any, was a proximate cause of the said collision

and of the death of the deceased. These defendants are not responsible for any negligence on the part of Mr. Trest and he alone is responsible for his own negligence, if any."

It seems clear to me that when all these instructions are "taken together" and "construed as a whole, one as modifying, explaining or qualifying another" then they "correctly announce the law applicable to the case". Lamar Hardwood Company v. Case, supra. Certainly they inform the jury with unusual clarity that before they can award any damages against Film Transit and Bridges they must believe from a preponderance of the evidence that Bridges "saw, or by the exercise of reasonable care should have seen that defendant, Gaddis N. Trest, had lost control of his automobile * * * at a time and at a distance, when and where, by the exercise of reasonable care and caution," as alleged in the declaration, Bridges could and should have stopped his truck or reduced its speed so as to either avoid the collision with the Trest automobile or to bring his truck down to such a speed that a collision, if there had been one, would not have wrought the almost inconceivable havoc which the record shows to have resulted on the occasion here in question. I do not think the two instructions set out at length in the controlling opinion are in irreconcilable conflict with each other. To the contrary it is my view that when all the instructions are considered together the jury was fairly charged as to the applicable law. For these reasons I respectfully dissent.

**Arrington** and **Ethridge, JJ.**, join in this dissent.